GEORGE NORTHRUP, Administrator of LUCILLA NORTHRUP, deceased, Appellant, *v.* THE RAILWAY PASSENGER ASSURANCE COMPANY, Respondent.

A railway passenger assurance policy, issued by the defendant, insured the holder (plaintiff's intestate), in the sum of $5,000 in the event of her death from personal injury, " when caused by any accident *while traveling by public or private conveyances* provided for the transportation of passensengers." In the course of a journey by connecting steamboat and railway line, she fell upon a slippery sidewalk, while walking from the steamboat landing to the railway station, as was usual for travelers on

that route, and thereby received injuries which caused her death,—*Held*, it appearing that she was so walking in the actual prosecution of her journey, that the death was covered by the terms of the policy, and that she was to be regarded as having received the injury while traveling by public conveyance.

*It seems*, that the fact that there were hacks by which the plaintiff's intestate, might have ridden from the landing to the station, did not affect the question, it being the general custom for the passengers to walk.

(Argued January 20th, and decided January 24th, 1871.)

Appeal from a judgment of the late General Term of the Supreme Court in the seventh judicial district in favor of the defendant, upon a case submitted under the Code.

The action was brought by the plaintiff as representative of Lucilla Northrup, deceased, to recover $5,000, the amount of an insurance against accident issued to Mrs. Northrup by the defendant on the 30th of December, 1868. By the terms of the policy the defendant agreed to pay the assured, or her legal representatives, the sum of $5,000, " in the event of her death from personal injury ensuing within three months from the happening thereof (*sic*), when caused by any accident while traveling by public or private conveyances provided for the transportation of passengers in the United States," etc.

On the morning of that day (30th Dec.), Mrs. Northrup, with others, started from Rathbone, her residence, in Steuben county, to visit friends in Madison county. The party traveled in the ordinary manner and by a usual route, on the Erie railway to Watkins, at the head of Seneca lake, and there took a steamboat to Geneva, where they arrived in the evening. It was a clear night and the moon was shining. The station of the New York Central Railroad Company at Geneva, where they were to take the cars for Madison county, was about seventy rods distant from the steamboat landing, and persons arriving by steamer generally pass from the wharf through the streets of Geneva to the railroad station on foot. There were, however, at the landing, the evening Mrs. Northrup arrived, public hacks, which she might have hired to take her to the railroad. She, however, started with her friends to

walk, and, while in the usual route, slipped and fell on the sidewalk, and in the fall the back of her head came in contact with the frozen snow and earth, and she sustained serious injuries thereby, from which, on 4th of January, 1869, she died.

The General Term thought the death was not " caused by any accident to the insured while traveling by public or private conveyance provided for the transportation of passengers," and gave judgment for the defendant, and the plaintiff appeals here.

*David Rumsey*, for the appellant, cited several cases upon the general principles of interpretation of contracts, and relied as to the construction of this policy upon *Theobald* v. *Railway Pass. Ass. Co.* (26 Eng. L. and Eq. R., 432).

*William F. Cogswell* for the respondent.

GROVER, J.   It must be conceded that the injury received by the plaintiff's intestate does not come within the strict literal words of the contract of assurance.   By that contract the respondent agreed to pay the legal representatives of the intestate, in the event of her death from personal injury ensuing in three months from the happening thereof, when caused by any accident while traveling by public or private conveyances, provided for the transportation of travelers, etc.   The intestate was not actually traveling upon any public or private conveyance provided for the transportation of passengers at the time of receiving the injury which cause her death.   It appears from the facts agreed upon by the parties, that the intestate, prior to such time, had undertaken to go a journey from Steuben to Madison county; that the mode adopted for making the journey was by rail from Steuben to Watkins, in Schuyler county, thence by steamer to Geneva, thence by rail to Madison.   That the intestate, in the prosecution of such journey, had arrived at Geneva on board the steamer, and as usual, was passing on foot from the steamboat landing

to the railway station to go on board of the cars for the remainder of her journey; and while so passing from the landing to the station, a distance of about seventy rods, she slipped and fell, thereby receiving an injury which caused her death about four days thereafter. It further appears, that upon the arrival of the boat at Geneva, there were usually hacks at the landing seeking passengers for any part of the village, or the railroad station, but that a large majority going to the railroad station went there on foot. The question for determination is, whether at the time of receiving the injury, the plaintiff was, within the meaning of the policy, traveling by a public or private conveyance. The policy must be construed so as to carry into effect the intention of the parties, so far as such intention can be determined from the language used, construed in the light of well known extrinsic facts, which must be presumed to have been known to the contracting parties at the time of making the contract, and in reference to which it was entered into. One fact of this character, very important in the present case, is that of the frequent change required from one train of cars to another at intermediate stations upon the same journey. Those passing from Buffalo, or the Falls, to New York by the New York Central, or from the former or Dunkirk to the same by the Erie, cannot be unaware of this fact. Can it be said that a passenger is not traveling within the meaning of this contract by public conveyance, while passing from one train to go on board another in the actual prosecution of his journey; or, for further illustration, can this be said of a passenger from New York to Dunkirk by the Erie, while going from the ferry boat at Jersey City to get on board of the train at that place? I think that such passenger, within the meaning of this contract, and also within the fair construction of the language, is a traveler by public conveyance all the way from New York to Dunkirk, although he may walk a short distance from the ferry boat to the train at Jersey City, or from one train to another, when such changes are made at intermediate stations. An injury received while so necessarily walk-

ing in the actual prosecution of the journey, is received while traveling by public conveyance within the meaning of the policy as such walking is the actual and necessary accompaniment of such travel.   There is no difference in principle between a passenger so walking and the intestate in the present case.   The presumption is, that the railroad trains and the steamer run in connection, the same as the ferry boat from New York to Jersey City with the Erie trains, and that by means of this connection the journey of the intestate was designed to be continuously prosecuted ; and it surely can make no difference in principle, that the space to be walked over in going from one conveyance to another, is a few steps more or less.   Nor does it affect the question that the intestate might have procured a hack to carry her, had she so have chosen.   She pursued the same course that the great majority of passengers did.   This she had the right to do under the contract.   *Theobald* v. *Railway Passenger Assurance Company* (26 Eng. Law & Equity, 432) sustains this view. In that case, the assurance was against railway accident, whilst traveling in any class carriage, on any line of railway in Great Britain, etc.   This was held to include an injury received from slipping on the step of the car, while standing at the station in getting out.   It follows that the judgment appealed from, must be reversed, and a judgment of $5,000 with interest thereon, from the time the loss became payable, rendered in favor of the appellant against the respondent, together with costs in this and in the Supreme Court.

CHURCH, Ch. J., PECKHAM and RAPALLO, JJ., concur with GROVER, J.   FOLGER, J., did not sit.   ALLEN, J., not voting. Judgment reversed.