CHARLES G. CHAMPLIN, Respondent, *v.* THE RAILWAY PASSENGER ASSURANCE COMPANY, Appellant.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

The contract of insurance is an exception to the rule which denies compensation for injuries of which the party's own negligence or want of due care have been the primary cause.

So held of insurance against accident.

An accident insurance policy, covering risks while traveling, held to insure against an accident which occurred while the insured was getting into a public conveyance for passengers, while in motion.

THIS was an appeal from a judgment entered upon a decision of the court at Special Term.

The action was upon an accident insurance policy, which the plaintiff had taken from the defendant on the first day of July, 1867, and which purported to insure him against any accident while traveling by public or private conveyances for transportation of passengers in the United States, &c., causing personal injury, &c., for one day.

It appeared that the plaintiff, on the same day, attempted to jump on to an omnibus, a public conveyance used for carrying passengers, while the same was in motion; that he succeeded in getting on to the steps, which were at the rear of the omnibus, but was unable, by reason of the jar of the vehi-

cle, to maintain his footing, and received injuries of a serious nature, from contact of his knee with the wheel.

*Varrick & Eldridge*, for the appellant.

*Nelson & Baker*, for the respondent.

Present—GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. The general rule of law undoubtedly is, that a party is not entitled to compensation for an injury of which his own negligence or want of due care has been the primary cause. The contract of insurance, however, forms an exception to the rule. It has been repeatedly so held in England and in the United States, in relation to insurance against fire and to marine insurance. (*Gates* v. *Madison Ins. Co.*, 1 Seld., 478 ; *Mathews* v. *Howard Ins. Co.*, 1 Kern., 9, and authorities cited; see, also, *Breasted* v. *Farmers' L. & T. Co.*, 4 Seld., 299.) The reason given is that this contract is one of indemnity, and that one object which the assured has in view in effecting an insurance is protection against casualties occurring from this cause. The same reason applies with equal force to the contract in this case. We are, therefore, of opinion that the proximate cause of the injury only can be looked at, and that, such cause being an accident, it is within the policy.

The only remaining question is, was the plaintiff traveling when the accident happened? He was in the act of getting into a public conveyance for that purpose, and was injured while upon the outside step thereof. It would be a very strained construction of a contract like this to hold that he was not traveling. If he was not traveling, it is difficult to say what he was doing. We think that as he was actually going from one place to another, he was traveling.

The judgment should be affirmed, with costs.

Judgment affirmed.