## RIPLEY · *v.* INSURANCE COMPANY.

One took out an accident policy of insurance on his life while "travelling by public or private conveyance." Having performed a part of his journey by steamer, which brought him to a certain village, he *walked* thence home about eight miles. *Held*, that while thus walking, he was not travelling by either public or *private conveyance.*

ERROR to the Circuit Court for the Western District of Michigan; the case being this:

On the 8th of May, 1869, one Ripley took out an accident policy of insurance on his life, "good for one day," for $5000. It stipulated for the payment of that sum to the legal representatives of the assured, in the event of his death, from injuries effected through violent and accidental means; provided that the death was caused by an accident while the assured was "travelling by public or private *conveyance.*"

After purchasing the ticket, the insured proceeded by steamboat to a village about eight miles from his residence, and from that village he *walked* home. , While on his way he received injuries by violence, from the effects of which he died soon afterwards, and within the time limited by the policy. ·

.The question was whether, when he received the injuries, he was "travelling by public or private *conveyance.*" The court below held that he was not; and this holding was the error complained of.

*Mr. George Gray, for the plaintiff in error :*

In *Northrup* v. *The Railway Passengers' Assurance Company,*[*] the contract was against accident " while travelling by public or private conveyance," *provided for the transportation of its passengers.* Yet the company was held liable though the death was caused while the party was *walking* from a steamboat landing to a railway station, a distance of seventy rods. This case regards the walking as part of the original journey in the public or private conveyance, and wisely; for few persons on a long journey are all the time in the railcarriages. The case does but carry out the injunction given by Cockburn, C. J., in *Trew* v. *Railway Passengers' Assurance Company :*[†]

" We ought not to give to these policies a construction which will defeat the protection of the assured in a large class of cases."

But, independently of this. The words " private conveyance," reasonably, and *ex vi termini,* include the case of a person pursuing a journey, or travelling, by means of his own personal powers of locomotion; his limbs with their muscles and tendons, bones and joints—the primitive universal " private conveyance" of man. " Conveyance" is the instrument or means of carrying or transferring anything from place to place. It is derived from *con* (with, by, along); and *via* (the way).[‡] It is used in this sense in the Scriptures, where it is said that the Saviour had " *conveyed himself* away."[§] So in poetry,

> " Love cannot, like the wind, itself *convey*
> To fill two sails, though both are spread one way."
>                                        *Howard.*

And so in ordinary language and in everyday life. Should a court direct its officer to " *convey* the prisoner to jail," no one will doubt that the prisoner's walking to the place des-

---

[*] 43 New York, 516; and see Theobald *v.* The Railway Passengers' Assurance Co., 26 English Law and Equity, 432.

[†] 30 L. J. Exchequer, 317.      [‡] Webster.      [§] John 5 : 13.

ignated would be a literal and exact compliance with the order. If one were to say to an intruder, "*Convey* yourself away," the speaker would have no idea but that the party should walk off; nor would the party himself expect that anything else was meant.

*Mr. H. C. Robinson, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

That the deceased was *travelling* is clear enough, but was travelling on foot travelling by public or private conveyance?

The contract must receive the construction which the language used fairly warrants. What was the understanding of the parties, or, rather, what understanding must naturally have been derived from the language used? It seems to us that walking would not naturally be presented to the mind as a means of public or private conveyance. Public conveyance naturally suggests a vessel or vehicle employed in the general conveyance of passengers. Private conveyance suggests a vehicle belonging to a private individual.

If this was the sense in which the language was understood by the parties, the deceased was not, when injured, travelling, within the terms of the policy. There is nothing to show that it was not.

JUDGMENT AFFIRMED.