## KING v. TRAVELERS INSURANCE COMPANY.

1. Where a policy of accident-insurance stipulates for the payment to the insured of a specified sum per week as an indemnity against loss of time resulting from accidental physical injuries, and also provides that "if such injuries are sustained while riding as a passenger in any conveyance using steam, cable, or electricity, as a motive power, the amount to be paid shall be double the sum above specified," the insured, if injured while attempting to alight from a moving electric street-car, is to be regarded as having been injured "while riding as a passenger in" the car, and if thus injured under circumstances entitling him to receive from the company a weekly indemnity in any amount, is to be compensated under the double-indemnity clause above quoted.

2. The foregoing is true although another clause of the policy includes in an enumeration of certain risks, which are not to be thereby covered, injuries occasioned by "entering, or trying to enter, or leaving a moving

conveyance using steam as a motive power (except cable and electric street-cars)." This latter clause has no relation to that allowing the double indemnity, and can not be construed as excepting from its operation claims arising from injuries received upon electric cars.

Argued April 14, — Decided May 6, 1897.

Action on insurance policy. Before Judge Harris. City court of Floyd county. June term, 1896.

*Reece & Denny*, for plaintiff.
*Rowell & Rowell*, for defendant.

COBB, J. King sued the Travelers Insurance Company upon a policy of accident-insurance. The defendant admitted a liability for $125 and no more ; while the plaintiff contended that it was liable for double that amount under the following clause of the policy :　" If such injuries are sustained while riding as a passenger in any passenger conveyance using steam, cable, or electricity, as a motive power, the amount to be paid shall be double the sum above specified."

The only question presented is, whether the company is liable under the double-indemnity clause above quoted. The plaintiff was injured while attempting to alight from a moving street-car using electricity as a motive power. It is conceded that the injury to the plaintiff was effected through such " external, violent, and accidental means" as to render the defendant liable under the terms of the policy, but it is denied that it was sustained " while riding as a passenger in " a passenger conveyance, and therefore liability for double indemnity under the clause above quoted has not arisen. We do not think this contention is sound. " A person may be said to be traveling in a carriage while alighting therefrom, until he has completely disconnected himself and alighted." 2 May on Ins. § 524. See also Northrop *v.* Railway Passenger Assurance Company, 43 N. Y. 516.

There being nothing in the policy requiring a different construction to be placed upon the words, it is reasonable to hold that the insured was protected against all injuries caused by accidental means from the moment that he entered the conveyance until he had alighted therefrom. During this entire period he was riding as a passenger in the conveyance. This

interpretation is required by the rule that requires words to be given their usual and ordinary meaning. The defendant is liable for the double indemnity, notwithstanding there was a clause in the policy providing that "this insurance does not cover entering, or trying to enter, or leaving a moving conveyance using steam as a motive power (except cable and electric street-cars)." This clause is not dealing with the amount to be paid, but is an enumeration of cases in which there would be no liability, and injuries received on electric street-cars in the manner that plaintiff was hurt are expressly excepted from its operation.

*Judgment reversed. All the Justices concurring.*