### GIBSON v. CASUALTY CO. OF AMERICA.

(Supreme Court, Appellate Division, First Department. April 4, 1913.)

INSURANCE (§ 452*)—RISKS AND CAUSES OF LOSS—ACCIDENT—INJURY.

> Under a policy insuring against a Pott's fracture effected directly, through external and accidental means, while riding as a passenger in or on a conveyance provided by a common carrier for passenger service, including the platform, steps, or running board thereof, where plaintiff was riding as a passenger in a public conveyance, which had stopped to let her alight, and sustained a Pott's fracture while alighting, with one foot upon the steps and the other upon the pavement, she was entitled to recover.
>
> [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1164, 1173, 1174; Dec. Dig. § 452.*]

Action by Grace Llewelyn Gibson against the Casualty Company of America. Submission of a controversy upon an agreed statement of facts. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert Gibson, Jr., of New York City, for plaintiff.
Theodore H. Lord, for defendant.

McLAUGHLIN, J. This is a submission of a controversy pursuant to section 1279 of the Code of Civil Procedure. The defendant issued to the plaintiff a policy of insurance, insuring her in the sum of $450 against "a Pott's fracture effected directly and independently of all other causes through external, violent and accidental means while riding as a passenger in or on a public conveyance provided by a common carrier for passenger service, including the platform, steps, or running board thereof." During the life of the policy the plaintiff

sustained a Pott's fracture, and the question presented is whether it was sustained in such manner as entitles her to recover under the policy.

The facts, as set out in the submission, were that the plaintiff immediately prior to the accident had been riding as a passenger in a public conveyance, which had been stopped for the purpose of permitting her to alight; that while she was in the act of alighting—having one foot upon the step of the conveyance and the other upon the pavement of the street—the accident occurred; that it occurred before she had "completely alighted from the conveyance" and was not due to the negligence of the common carrier.

I am of the opinion that the plaintiff is entitled to recover. The defendant, by its policy, had agreed to indemnify her to the extent of $450 for a fracture of the character stated, if sustained while riding as a passenger in or on a public conveyance, including the platform, steps, or running board thereof. At the time the accident occurred she still had one foot on the step. She had not at that moment "safely landed, nor completely alighted from the conveyance." The fact that the conveyance was not in motion at the time is immaterial, because the contract between the parties contemplated that the conveyance should be stopped for the purpose of letting the assured get on and off, and, once having become a passenger, she continued to be such until she had alighted therefrom; that is, completely disconnected herself from the conveyance.

In Theobold v. Assurance Co., 10 Ex. Rep. (Hurlstone & Gordon) 45, the plaintiff was insured against accidents happening "whilst traveling in any class carriage on any line of railway in Great Britain," and, in attempting to alight from such conveyance after it had come to a stop, slipped on the step and was injured. The court held that the Assurance Company was liable; Pollock, C. B., who delivered the opinion, saying:

"It is quite plain that the plaintiff was a traveler on the railway. It is quite plain that though at the time of the accident his journey had, in one sense, terminated by the carriage having stopped, he had not ceased to be connected with the carriage, for he was still on it. The accident also happened without negligence on his part and while doing an act which, as a passenger, he must necessarily have done, for a passenger must get into the carriage and get out of it when the journey is at an end and cannot be considered as disconnected with the carriage and railway and with the machinery of motion until the time he has, as it were, safely landed from the carriage and got upon the platform. The accident is attributable to his being a passenger on the railway, and it arises out of an act immediately connected with his being such passenger."

This case was cited with approval in Northrup v. Assurance Co., 43 N. Y. 516, 3 Am. Rep. 724. In the Northrup Case plaintiff's intestate had been insured against accidents "while traveling by public or private conveyance, provided for the transportation of passengers in the United States." In the course of a journey it became necessary for the intestate to change from a steamboat to a railroad train which was about 70 rods distant. In walking from the boat to the train she slipped upon a sidewalk, fell, and sustained injuries from which she died shortly thereafter. The court held that at the time of the

accident the intestate was traveling by public conveyance within the meaning of the policy.

"An injury received," said Judge Grover, who delivered the opinion, "while so necessarily walking in the actual prosecution of the journey, is received while traveling by public conveyance within the meaning of the policy, as such walking is the actual and necessary accompaniment of such travel."

See, also, Champlin v. Assurance Co., 6 Lans. (N. Y.) 71; Depue v. Travelers' Insurance Co. (C. C.) 166 Fed. 183; Tooley v. Assurance Co., 24 Fed. Cas. 53; King v. Travelers' Insurance Co., 101 Ga. 64, 28 S. E. 661, 65 Am. St. Rep. 288.

The King Case is directly in point. There, the plaintiff was injured while attempting to alight from a street car and the point was made, as here, that the car having come to a stop for the purpose of allowing the plaintiff to alight, he was not, at the time the injury was sustained, riding as a passenger in a public conveyance. The court held otherwise, saying that:

"A person may be said to be traveling in a carriage while alighting therefrom until he has completely disconnected himself and alighted."

In the case now before us, according to the submission, the fracture was effected directly and independently of all other causes, through external, violent, and accidental means, and at the time the fracture was sustained the plaintiff "had neither safely landed nor completely alighted from the conveyance." Such fact being conceded, I am of the opinion, as already indicated, that the plaintiff is entitled to recover.

If these views be correct, then it follows that the plaintiff is entitled to recover, according to the submission, $450, with interest thereon from December 20, 1912, together with taxable disbursements, but without costs. All concur.