HARRY ROSENFELD, Respondent, *v.* TRAVELERS' INSURANCE COMPANY, HARTFORD, CONNECTICUT, Appellant.

(Supreme Court, Appellate Term, Second Department, September, 1916.)

Insurance (indemnity) — action to recover on policy of — carriers of passengers — evidence — negligence — when judgment in favor of plaintiff affirmed.

> Where, in an action to recover on a policy insuring plaintiff against loss resulting from bodily injuries, effected directly and independently of all other causes through accidental means, sustained while "a passenger in or on a public conveyance provided by a common carrier for passenger service," plaintiff testifies that he alighted from a subway train on which he was a passenger at a station intending to change to an express

train, and that while attempting to get on the express train he was pushed by persons on the station platform and by persons getting off the express train and fell, half of his body going inside of the platform of the train and his feet hanging down between the train and the platform, defendant is liable under the terms of its policy and a judgment in favor of plaintiff will be affirmed.

A policy of indemnity insurance if there be any ambiguity in its terms will be construed more strongly against the insurer than against the insured, especially where the indemnity is not double but single.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, fifth district, rendered May 24, 1916, in favor of plaintiff, after a trial by the court without a jury, for $204.75 damages and costs.

Daniel Mungall, for appellant.

Joseph Kleiner and J. M. Cohen, for respondent.

BENEDICT, J.    This is an action for $175 for seven weeks indemnity at $25 a week under a policy of insurance issued by defendant against loss from bodily injury arising from accidental causes.    The answer denied knowledge or information sufficient to form a belief as to the fact of injury and its consequences.

The learned court below held, and as I think properly, that the plaintiff was entitled to a judgment against the defendant for a sum which represented, according to the plaintiff's claim as amended at the trial, an indemnity at the rate of twenty-five dollars a week for and during the period of his total disability by reason of the accident of which he complains. There was presented to the trial court practically a single question of law, because the defendant did not,

43

upon the trial, dispute that the plaintiff had sustained the injuries of which he complains, nor that, if he was entitled to recover anything, he was entitled to the sum which the trial court awarded to him. Whether the plaintiff was entitled to recover against the defendant under the terms of the policy of insurance against accident or casualty which it had issued to him, and which was admittedly in force at the time when the accident occurred, depended upon the construction to be given to the language used in the policy. By the terms of the policy, the defendant undertook to insure the plaintiff " against loss resulting from bodily injuries effected directly and independently of all other causes through accidental means \* \* \* sustained (a) while a passenger in or on a public conveyance provided by a common carrier for passenger service." The plaintiff claims that he sustained the injury which caused his disability while he was a passenger within the meaning of the policy, and the defendant denies the legality of the claim.

The facts were these: Upon the 15th day of May, 1914, while the policy was in force, the plaintiff boarded a subway train at Twenty-eighth street on the Interborough subway on his way home from work and paid his fare for the trip, thereby becoming a passenger of a common carrier for passenger service. The train was proceeding in a southerly direction; and when it reached Fourteenth street he alighted from it onto the subway station between the two tracks intending to change from the local train to an express train. He testified that he was pushed, while attempting to get on the express train, by persons on the platform and persons getting off the express train and fell, half of his body going inside on the platform of the train and his feet hanging down between the train and the plat-

form.  He also testified that he held, with one of his hands, the grab-handle of the train, and it was admitted that the express train was standing still at the time, having come to a full stop when he attempted to get on.  There was sufficient evidence to justify the court in finding that the plaintiff, when the accident happened, had gotten, at least with some portion of his body, onto the express train and that he was at least partly on the train and partly between the train and the station platform.

The defendant upon the trial and on this appeal has very strongly resisted the payment of the claim under its policy upon the ground that the plaintiff, when the accident occurred, was not " a passenger in or on a public conveyance provided by a common carrier for passenger service."  The cases which it has cited do not, in my judgment, support its contention, nor do I think that the terms of the policy ought to be given so narrow an interpretation as the defendant has sought to sustain.  It is a well-settled rule of construction that a policy issued by an insurance company, and drawn in the language which the company itself chooses, is to be, if there be any ambiguity in the terms, more strongly construed against the insurer than against the insured.  Especially is this true where, as in the present case, the indemnity is not a double indemnity but a single indemnity.  If there remained any doubt in my mind that the court was justified in finding as it did that the plaintiff's injuries were sustained " while a passenger in or on a public conveyance provided by a common carrier for passenger service," the exception in a latter part of the policy would go very far toward removing such doubt.  The company was careful to provide that no liability should arise under the policy, provided that the injuries were

" sustained while entering or trying to enter or leave a moving conveyance." This exception has been held to be a valid exception in such a policy, and the fact that the company writing the policy inserted it as a safeguard to themselves against loss where the insured was attempting to enter or leave a moving conveyance indicates a recognition by the insurer that, were it not for the exception, it would be liable to the insured, and, if it were liable to the insured upon entering or leaving a moving conveyance, it surely would be liable to him upon his entering into or his departure from a conveyance which was not moving.

There is not only, as it seems to me, ample justification in reason for holding the defendant liable in this case upon the terms of its policy, but there is also ample authority in the adjudged cases for so doing. In 1 Corpus Juris, page 440, section 93, it is stated: " Where the policy covers injuries received while a passenger, it extends to an injury received while getting on or off a conveyance such as the policy contemplates, or attempting to do so, as insured is a passenger under such circumstances."

In support of that proposition the following cases are cited: *Tooley* v. *Railway Pass. Assur. Co.,* 24 Fed. Cas. 53; *Gibson* v. *Casualty Co. of America,* 156 App. Div. 144; *Theobald* v. *Railway Pass. Assur. Co.,* 10 Exch. 45.

Insurance against accidental injuries occurring while the insured is changing as a passenger in or upon a public conveyance protects him while attempting to board a moving train in the course of his journey. *New York Fidelity, etc., Co.* v. *Morrison,* 129 Ill. App. 360.

In the *Tooley Case, supra,* where the policy insured against injuries " received by the insured while

actually traveling in a public conveyance provided by common carriers for the transportation of passengers,'' and the train stopped at a station, and the insured left the train, which started up while he was off, and in attempting to get on again he was injured, it was held that if the insured was traveling beyond the station he could leave the train at the station and return to it again.   He was not bound within the policy to remain thereon all the time, and he might recover for an injury received in attempting to get on or off.

In *Theobald* v. *Railway Pass. Assur. Co.*, 10 Exch. (Hurl. & Gord.) 45, the plaintiff was insured against accidents happening '' whilst traveling in any class carriage on any line of railway in Great Britain,'' and in attempting to alight from such conveyance after it had come to a stop slipped on the step and was injured. The court held that the insurance company was liable, Pollock, C. B., who delivered the opinion, saying: '' It is quite plain that the plaintiff was a traveler on the railway.   It is quite plain, that though at the time of the accident his journey had, in one sense, terminated, by the carriage having stopped, he had not ceased to be connected with the carriage for he was still on it. The accident also happened without negligence on his part and while doing an act which, as a passenger, he must necessarily have done, for a passenger must get into the carriage, and get out of it when the journey is at an end and cannot be considered as disconnected with the carriage and railway, and with the machinery of motion, until the time he has, as it were, safely landed from the carriage, and got upon the platform. The accident is attributable to his being a passenger on the railway, and it arises out of an act immediately connected with his being such passenger.''

These cases and others which are cited in the notes

Supreme Court, Appellate Term, September, 1916.    [Vol. 96.

in Corpus Juris sustain the conclusion reached in the court below and that conclusion should be affirmed, with costs.

JAYCOX and CLARK, JJ., concur.

Judgment affirmed, with costs.