MARIE C. DOLGE, as Administratrix, etc., of EDWARD H. DOLGE, Deceased, Respondent, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant.

Second Department, December 5, 1924.

Judgments — summary judgments — action to recover on accident insurance policy for death of insured — policy covered accidental death while insured was passenger " in or on a public conveyance, including the platform, steps or running board thereof " of a common carrier of passengers — policy did not cover any accident not specifically mentioned — insured, while waiting in railroad station, was shot by stranger — defendant denied, on information and belief, allegations relating to death of insured — summary judgment should not have been granted, plaintiff — insurance — policy did not cover accidental death occurring in railroad station — complaint dismissed.

Summary judgment should not be granted on the motion of the plaintiff in an action on an accident insurance policy to recover for the death of the insured, where the defendant denies upon information and belief the facts alleged as to the place and cause of the death of the insured.

The complaint in this action is dismissed on the ground that it shows upon its face that the accident causing the death of the insured was not covered by the policy, since it appears that the policy covered the insured while a passenger " in or on a public conveyance, including the platform, steps or running board thereof, provided by a common carrier for passenger service; " that the insured, while waiting in a railroad station for the purpose of becoming a passenger on a train,

was shot by a stranger and subsequently died from the effect of the wound; and that the policy provides that no accident is covered which is not specifically mentioned.

APPEAL by the defendant, Commercial Casualty Insurance Company, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 30th day of April, 1924, granting plaintiff's motion for summary judgment, and also from a judgment entered in said clerk's office on the 5th day of May, 1924, pursuant to said order.

*Theodore H. Lord [Fred H. Rees* with him on the brief], for the appellant.

*Julius Hallheimer,* for the respondent.

MANNING, J.:

The question involved is the legal liability of the defendant insurance company under one of its accident policies issued to Edward H. Dolge in his lifetime.

The main facts are undisputed, and plaintiff contends that she was clearly entitled to the summary judgment in view of the state of the pleadings at the time the motion was made; while the defendant maintains, in the first place, that the plaintiff was not entitled to summary judgment, and secondly, that the complaint fails to state a cause of action, and that, therefore, it should be dismissed and judgment ordered for the defendant. I am inclined to think that the defendant's position here is sound, and that in the final analysis of the case the plaintiff has no cause of action and that the complaint must be dismissed.

The action is brought by the plaintiff, as administratrix, to recover a single indemnity under a policy termed " Travel Accident Policy," issued to Edward H. Dolge, the deceased, which provided insurance in the event of an accident while the assured was a passenger on a public conveyance. The amended complaint sets forth substantially that the defendant, a corporation engaged in the insurance business, did, on November 3, 1917, in consideration of the payment of a premium by one Edward H. Dolge, make and deliver to him a policy of insurance known as a " Travel Accident Policy; " that on January 5, 1924, while this policy was in full force and effect, said Dolge was traveling from The Bronx to his home in Mount Vernon, Westchester county, N. Y., and while a passenger on a public conveyance, namely, " the Hunt's Point Station of the New York, Westchester and Boston Railway," which is a common carrier of passengers, received an

accidental injury, viz., a gunshot wound, inflicted by the discharge of a gun in the hands of an unknown person, and that the injury thus received resulted in Dolge's death within twenty-four hours. The plaintiff alleges that immediate notice of the assured's accidental death was given to the defendant, and that within twenty days thereafter written notice was given to the company.

The defendant company admitted the issuance of the policy to the insured in 1917, and that the policy was in force at the time of Dolge's death, it having been renewed from year to year from the time of its original issuance and delivery. The company also admitted receiving the written notice of the insured's death, and the demand for the principal sum of $5,000 mentioned in the policy. The answer also admits that on or about the 28th day of January, 1924, the defendant denied liability under the policy mentioned in the plaintiff's complaint. It then denies the other allegations of the complaint upon information and belief.

Upon the complaint and answer, the plaintiff then moved before the Special Term for summary judgment upon the pleadings pursuant to rule 113 of the Rules of Civil Practice. Accompanying the motion papers is an affidavit made by the widow and administratrix, Marie C. Dolge. And in this affidavit the particular facts in reference to the death of Mr. Dolge are set forth.

There is also an affidavit used in support of the motion, made by one William Reilly, the ticket agent of the railway company at Hunt's Point, where the deceased met his death, which affidavit gives us the facts concerning the death of Mr. Dolge. His affidavit states that he knew the deceased; that the platform, or track level, of the Hunt's Point station, where passengers board trains, is located below the level of the street. The station itself is entered on the street level, and in order to board a train it is necessary for the passenger to walk through the station, down a flight of stairs, to the platform level. The affidavit continues: " I saw Edward H. Dolge, the deceased, on the 5th day of January, 1924, at about 12 o'clock midnight. The said Edward H. Dolge walked down the stairs of the railway station and presented to me his commutation ticket which entitled him to ride on the railway to Mt. Vernon, Westchester County, New York, where I believe the said Edward H. Dolge resided. I punched the aforesaid railway ticket and he was then standing about five feet from the turnstile, apparently waiting for the train which he intended to board to arrive. Just then a stranger came on the railway station and told said Edward H. Dolge he was wanted upstairs, telling Dolge that he had ' short-changed ' a taxi driver. Dolge turned around to the stranger and said ' You are crazy ' but followed the stranger to inquire.

Dolge proceeded to go up on the staircase which is railroad property, and as the said Dolge got on the stairway, and within a half minute I heard a shot fired and as I came out of the ticket booth within a few seconds, about ten seconds at the most, after the shot was fired, I saw Dolge staggering on the lower platform of this stairway. He was then standing on the staircase directly next to the station level. There are three landings on this winding staircase which leads from the platform level to the street. I looked at said Dolge and saw he was badly wounded and arrangements were made to obtain a hospital ambulance. Dolge was then placed in the ambulance and taken to Lincoln Hospital, which is located in the Borough of The Bronx, City of New York, where I understand he died a few hours afterwards. I had known the aforesaid Edward H. Dolge for some months prior to this accident as he was a commuter on the railway."

The contention on the part of the defendant here is that the policy issued to Mr. Dolge is not a general accident policy at all in the accepted sense of the word, but is a policy covering specific risks, which are stated in the policy under clause A and clause B. These clauses appear in bold lettering on the first page, immediately after the consideration clause and the name of the assured. By subdivision " a " the assured is covered against loss of life while *" A passenger in or on a public conveyance,* including *the platform, steps or running board thereof,* provided by a *common carrier for passenger service."* Paragraph 26 of the policy further provides: " This policy does not cover any accident not specifically mentioned in Clauses A and B." It is conceded that the plaintiff has filed no proofs of loss concerning the unfortunate accident; but in compliance with the provisions of the policy, and within the time specified, she, through her attorney, caused notice to be given the defendant of the circumstances concerning the accident and the death of her husband, and claimed from the defendant the amount of the policy, plus its accumulations. To this notice the defendant company replied, saying, in addressing plaintiff's attorney: "We note that you base the claim on the assumption that the deceased was a passenger of the railroad company. It appears from the reading of the policy that the coverage is extended while a passenger *in or on a public conveyance.* It appears from your letter that the deceased was not in or on a public conveyance and under the circumstances the claim is not one of those covered by the policy and we are obliged to deny liability."

The plaintiff's attorney in his affidavit in support of the motion for judgment on the pleadings says: " It will be noted, therefore, that defendant seeks to avoid the payment of the Eight Thousand

($8,000) Dollars, on the ground that the assured did not meet accidental death while ' in or on a public conveyance.' Thus contending that there is no liability unless the deceased met accidental death in or on a coach of the conveyance or the platform or running board thereof. I claim that this policy is to be construed according to the plain and ordinary meaning of the terms which the parties have employed and that the policy in question covers accidental injuries or resulting death occasioned to a passenger while on the platform or property of a railway company. This clause should be construed in accordance with the general purpose of the contract, which was to insure a human being against accidents while a passenger in or on a public conveyance. The policy is termed a ' Travel Accident Policy ' and the object thereof should not be defeated by a strained interpretation [of] which the defendant seeks to avail itself." This contention of the plaintiff's attorney is the main point upon which he relies to sustain the granting of the summary judgment, and also the right of his client to recover against the defendant company. His point before the Special Term was, that the answer of the defendant not having been supplemented by affidavits, was not sufficient to warrant the court in denying judgment when summary application was made therefor. In support of this contention he cites the well-known cases of *General Investment Co.* v. *Interborough R. T. Co.* (235 N. Y. 133); *Dwan* v. *Massarene* (199 App. Div. 872), and *Rogan* v. *Consolidated Coppermines Co.* (117 Misc. 718).

I am inclined to disagree with the learned counsel for the plaintiff on the first branch of the case. I do not think that this was a proper action in which to declare a summary judgment. The cases in which summary judgments have been granted will be found in a large majority to have been commercial cases, involving checks, notes, drafts and other evidences of debt, concerning which the answers interposed were what we formerly called sham, and could then have been stricken out on motion. The defendant company in this particular case had no direct knowledge of the circumstances surrounding the death of Mr. Dolge, and I think it had a right to deny, upon information and belief, the fact that the man died under circumstances which would create a liability on its part; and that the trial of that important issue of fact should have been had before a court and a jury. As a matter of fact, in opposition to the motion for summary judgment on the pleadings, in addition to the answer interposed to the amended complaint, an affidavit was submitted by Mr. Dull, who is vice-president and manager of the defendant company. Mr. Dull swears that he has denied in the answer the allegations contained in the 4th paragraph

of the plaintiff's complaint upon information and belief, since he was informed that the plaintiff's intestate was held up and killed on a public highway in the borough of The Bronx, in the city of New York, and not while a passenger in or on a public conveyance, including the platform, steps or running board thereof, provided by a common carrier for passenger service, as limited by the terms of the policy upon which the action is based. Mr. Dull's affidavit further set forth that he had fully and fairly stated the facts in this case to the counsel for the company, and that he had been advised that the company had a good and substantial defense on the merits, and that the answer was not interposed for delay, but was interposed in good faith.

Under these circumstances it seems to me that the order granting summary judgment in this case was improper, and that it should be reversed on the ground that there was an issue to be tried by a jury.

We now come to the real controversy in this case, and that is, the question of the defendant's liability under its policy. That question is: Did the policy cover the crime which resulted in the death of the assured? The plaintiff says that the policy did so cover the occurrence. The complaint alleges:

" *Fourth.*— That on or about the 5th day of January, 1924, and while the said policy was in full force and effect, and while the said Edward H. Dolge, the assured therein named, was traveling from the Borough of Bronx, City of New York, to his home in Mount Vernon, Westchester County, State of New York, and while the said Edward H. Dolge was a passenger on a public conveyance, namely, the Hunt's Point Station of the New York, Westchester and Boston Railway, which is a common carrier of passengers, and which said railway station was and still is located in the Borough of Bronx, New York City, the said Edward H. Dolge received a bodily injury through external, violent and accidental means, to wit: a gunshot wound inflicted by the discharge of a gun or revolver then in the hands of a person unknown to plaintiff."

Plaintiff's contention is that at the time Mr. Dolge was killed he was a passenger traveling from The Bronx to his home in Mount Vernon; in other words, it is claimed that Dolge was in the act of traveling, and that the going to and being at the station where he subsequently met his death, was a necessary part of such travel in the ordinary course of events, because plaintiff contends that it is a physical impossibility for a person to get *into* a coach of a train unless such person *first goes* to the railway station to

board the train. The further claim is made that the deceased, while on a journey, and traveling from The Bronx to his home in Mount Vernon, and while a passenger of a railroad, and *on its station*, was assaulted and killed. And this being the situation, plaintiff's main reliance is placed on the well-known case of *Northrup* v. *Railway Passenger Assur. Co.* (43 N. Y. 516). As I read the *Northrup* case it is not at all an authority for the plaintiff's position as taken in the present case. In the *Northrup* case it was conclusively shown that Mrs. Northrup had undertaken to go on a journey from Steuben county to Madison county; that the mode adopted for making the journey was by rail from Steuben to Watkins, in Schuyler county; thence by steamer to Geneva, and thence by rail to Madison county. As she pursued her journey and had arrived at Geneva on board the steamer, and, as usual, was passing on foot from the steamboat landing to the railway station to get on board the cars for the remainder of her journey, and while she was passing from the landing to the station, a distance of about seventy rods, she slipped and fell, thereby receiving injuries which caused her death about four days thereafter. It further appears in the *Northrup* case, that upon the arrival of the boat at Geneva there usually were hacks at the landing seeking passengers for any part of the village or the railroad station, but that a large majority going to the railroad station went there on foot. So that we have an entirely different state of facts in the *Northrup* case from that presented here. And in the *Northrup* case also the conditions of the policy were different. The clause in the *Northrup* case provided insurance " when caused by any accident while traveling by public or private conveyances provided for the transportation of passengers." The Court of Appeals in the *Northrup* case held that this contemplated insurance *for the trip*. And the court further found that the passage from the steamboat to the train did not interrupt the journey, and said in that case that such passenger, " within the fair construction of the language, is a traveler by public conveyance all the way from New York to Dunkirk, although he may walk a short distance from the ferry boat to the train at Jersey City, or from one train to another, when such changes are made at intermediate stations." (P. 519). There is no ambiguity, however, in the clause in the policy upon which the present action is brought, because it specifically provides that insurance is covered only while " a passenger in or on a public conveyance, including the platform, steps or running board thereof, provided by a common carrier for passenger service." The policy further provides that it does not cover any accident not specifically mentioned in clause A, above quoted.

There is no such language in the *Northrup* case. In that case it was *the trip* that was intended to be covered. But in the present case it is the particular *place* where the accident occurs that is covered. I do not believe that it was ever the intention of the parties to this contract that insurance would be provided in any situation outside of the express language of the policy itself, to which I have referred. The language is clear and unambiguous, and to give the construction to it which is claimed by the plaintiff's counsel, would, in my judgment, do violence to the plain language of the contract itself. The same principle was announced in *Van Bokkelen* v. *Travelers' Ins. Co.* (34 App. Div. 399, 400), where the provision of the policy read as follows: " ' If such injuries are sustained while riding as a passenger in any passenger conveyance using steam, cable or electricity as a motive power, the amount to be paid shall be double the sum specified in the clause under which claim is made.' " In that case the plaintiff's intestate was riding on the platform of one of the trains of the Delaware, Lackawanna and Western railroad. While upon the platform he fell or was thrown down and dragged for some distance. The plaintiff claimed that she was entitled to the indemnity provided for by the policy of insurance. The Appellate Division in the First Department referred to the *Northrup* case and held that the language in that case, and also in *Theobald* v. *Railway Passengers' Assurance Co.* (26 Eng. Law & Eq. 432), was quite different, and said: " Counsel for the plaintiff in stating his contention says that the word ' in ' is ordinarily accepted as an equivalent of the word ' on; ' and in construing this clause of the policy he contends that the deceased, while riding as a passenger on a passenger conveyance, steam, cable or electricity, is entitled to the benefit of the clause, that is, if he met his death while traveling as a passenger. We cannot agree with this contention. If such had been the intention of the parties different words would have been used, and the section would not have been limited to injuries sustained while riding as a passenger in a passenger conveyance." That case was affirmed by the Court of Appeals (167 N. Y. 590). The defendant contends that there is, therefore, no question but that the decision in the *Northrup* case was based entirely upon the language used in that policy; and that the Court of Appeals has recognized that where specific and definite language is used the courts must give to such language its reasonable and natural meaning, and that where a policy provides for insurance while in or on a conveyance, it does not cover accidents occurring elsewhere. The United States courts have interpreted this clause the same as the New York courts.

In the case of *Ætna Life Ins. Co.* v. *Vandecar* (57 U. S. App. 446), the court used the following language (p. 460): " The words ' in a passenger conveyance ' were doubtless used advisedly and for the express purpose of limiting the defendant's liability." Hence I think there is great force in the contention of the defendant's counsel here and that the plaintiff's theory of this case is entirely erroneous.

We had practically the same question presented to us at the February, 1922, term, in the action *Reinberg* v. *New York Life Insurance Co.* (201 App. Div. 858), where the claim was made under a policy providing for double indemnity upon receipt of due proof that the death of the insured was caused directly by accident while traveling as a passenger on a street car, railway train, steamboat licensed for the regular transportation of passengers, or other public conveyance operated by a common carrier. The insured in that particular case had entered upon the railroad station platform for the purpose of boarding a railroad train leaving that station at ten-twenty-eight A. M. for New York city, and was a passenger of the railroad company. When he came upon the station platform a south-bound train was moving out and the insured reached the train and seized hold of the handle-bars or grabirons upon each side of the entrance to one of the cars, and ran alongside of the entrance while boarding the train. But the rapidly increasing speed of the train prevented him from getting on board, and he finally lost his grip on the handle-bars or grabirons after running alongside of the train and being carried along by it while holding onto the handle-bars for a distance of between 50 and 100 feet, and he fell and was killed by the train. The finding of the court below was that the deceased was killed while traveling as a passenger on the railroad on the day in question and that the plaintiff was entitled to double indemnity under the policy. We reversed the judgment of the trial court whose finding was that the death of the assured was caused by accident while traveling as a passenger on a railway train.

Of course the policy under discussion in that case had to do with the payment of double indemnity. But the principle is precisely the same, because the liability of a company for either single or double indemnity is absolutely dependent upon the reading of the insurance contract. In the present case the liability of the defendant corporation only arose in case the assured suffered accident or death while " a passenger in or on a public conveyance, including the platform steps or running board thereof, provided by a common carrier for passenger service." There is no basis for the claim in this case on the part of the plaintiff that Mr. Dolge

was shot while he was a passenger in or on a public conveyance, including the platform, steps or running board thereof, provided by a common carrier for passenger service.   The proof is entirely to the contrary; and when we take that particular clause of the policy, and also the additional provision that the policy itself did not cover any accident not specifically mentioned as above, it seems to me that the plaintiff has no case, and that her complaint must be dismissed.

I suggest, therefore, a reversal of the judgment on the law and the facts, with costs, and a dismissal of the plaintiff's complaint, upon the ground, *first*, that an issue of fact was presented as to where the casualty involved occurred; and *secondly*, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, in that it appears therefrom that the casualty did not occur while the deceased was " a passenger in or on a public conveyance, including the platform, steps or running board thereof, provided by a common carrier for passenger service," and, therefore, was not a risk covered by the policy of insurance issued by the defendant company.

KELLY, P. J., RICH, JAYCOX and YOUNG, JJ., concur.

Judgment reversed on the law and the facts, with costs, and complaint dismissed in accordance with opinion.