### WEINBERGER BANANA CO., Inc., v. PHŒNIX ASSUR. CO., LIMITED, OF LONDON.

#### No. 7484.

Circuit Court of Appeals, Fifth Circuit.

Jan. 10, 1935.

Rehearing Denied Feb. 1, 1935.

W. B. Spencer and Chas. T. Madison, both of New Orleans, La., for appellant.

Eberhard P. Deutsch, of New Orleans, La., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellant on a policy of insurance issued by the appellee for the alleged value of 6,957 bunches of bananas the loss of which was alleged to have been occasioned directly and proximately by perils insured against by said policy, to wit, "hurricanes and/or floods, and/or accidents to the conveyance." The allegations of appellant's petition as to the loss of the bananas having been due to perils insured against were put in issue by the appellee. The evidence introduced in the trial consisted of the insurance policy sued on and a stipulation of counsel which admitted as follows:

"First. Counsel for defendant admits that railway bridges and portions of track constituting the approaches to said bridges at or near points known as Kilometer 178–A, 253–A and 414–A on the line of the Pan-

American Railroad of the National Railways of Mexico in the State of Chiapas, Mexico, over which line said bananas were in course of transportation, were washed out or rendered impassable to rail traffic by excessive rain waters on or about October 13, 1932, after said bananas had been loaded and their transportation had commenced; that, as a result thereof, the train transporting said bananas was delayed between two of these railroad bridges, and as a result of said delay the bananas described in plaintiff's petition rotted and became a total loss.

"Second. Counsel for plaintiff admits that no hurricane occurred as alleged in its petition, that none of the rivers mentioned in its petition is navigable and that the loss of the bananas described in its petition was not caused by hurricanes or floods within the meaning of the insurance policy on which this suit is brought."

Upon the conclusion of the evidence, each of the parties requested the court to instruct a verdict in its favor. The request of the appellee was granted, and the request of the appellant was denied.

The contract sued on was embodied in a printed form of insurance policy and riders attached thereto. Some provisions of the printed form of policy are found in the margins thereof. The policy as a whole covered shipments of bananas consigned to the assured or to others for account of the assured "at and from interior points in Mexico via Puerto Mexico to United States Gulf ports." A typewritten rider contained the following:

"This insurance to attach from time of being loaded onto railroad cars in the interior during the ordinary course of transit until on board the ocean going vessel and to continue until discharged from the vessel at destination named herein. Including risk on dock or in railroad cars on dock at New Orleans, La., for a period of not exceeding three (3) days or (?) held covered.

"This policy covers while on docks, wharves or elsewhere on shore and/or during land transportation only against the risks of collision, derailment, fire, cyclones, hurricanes, earthquakes, flood (meaning rising navigable waters) or any accident to the conveyance and/or collapse and/or subsidence of docks and to pay loss or damage caused thereby, even though the insurance be otherwise F. P. A."

A printed provision contained in the margin of the printed form of policy used reads as follows: "It is understood and agreed that where this policy attaches on goods on railroad cars, the risks of fire, derailment and collision only are covered, and that where this policy attaches on goods while on any other land conveyance or while on docks, wharves or elsewhere on shore, the risks of fire and flood (meaning rising navigable waters) only are covered."

A result of the stipulation of counsel was that under the evidence the appellant's right to any recovery was dependent upon the cause of the loss of, or damage to, the bananas being "any accident to the conveyance," within the meaning of that language as used in the policy. The occurrence shown by the stipulation of the parties did not include "any accident to the conveyance" if the word "conveyance," as used in the quoted provision, has the meaning ordinarily expressed by that word. Webster's International Dictionary defines the noun "conveyance" as follows: "The instrument or means of carrying or transporting anything, now especially persons or passengers, from place to place; a vehicle; a carriage." A definition of that word found in the Century Dictionary follows: "That by which anything is carried or borne along; any instrument of transportation from one place to another; specifically, a carriage or coach; a vehicle of any kind." In behalf of the appellant, it was contended that the conveyance contemplated by the policy, from interior points in Mexico to the port of ocean loading, was a railroad and none other; that, in respect of a railroad as a conveyance, all the elements of a railroad—locomotives, cars, tracks, and bridges,—are essential parts of the conveyance, without any of which there could be no conveyance, and that "any accident to the conveyance" covers an accident to any essential part of the railroad; that the conveyance contemplated being a railroad, an accident to the railroad's tracks or bridges was an "accident to the conveyance" within the meaning of the policy; and in this connection counsel for appellant invoked the rule that, the policy of insurance being the writing of the insurer, any uncertainty or ambiguity in its terms is to be construed against the insurer. A principal basis of the stated contention is the above set out "beginning of the adventure" clause of the policy. It was argued that the language of that clause shows that, while the bananas were on land, they were not intended to be insured except while they were on railroad cars. The first sentence

of that clause shows that the insurance of the bananas was to attach "from time of being loaded onto railroad cars in the interior." By no means does it clearly show that the continuance of the insurance "until on board the ocean going vessel" was dependent upon the bananas remaining on railroad cars throughout the land transportation of them. The use of that language is not inconsistent with the existence of an intention that the insurance remain effective while the bananas, in ordinary course of transit, are being carried in vehicles other than railroad cars. Certainly it does not clearly appear that it was contemplated that the bananas would be carried on railroad cars only until they reached the water's edge at Puerto Mexico. The above set out provision contained in the margin of the printed form used shows that it was contemplated that that form might be used in insuring goods while on railroad cars or while on any other land conveyance. By a typewritten rider attached to the policy, risks in addition to those named in the quoted printed marginal provision were covered, and the policy was made to cover the enumerated risks while the bananas were on docks, wharves, or "elsewhere on shore and/or during land transportation." The typewritten provision merely adding to the risks mentioned in the printed marginal provision, and, nothing in the typewritten provision indicating that the word "conveyance" as therein used was intended to have a meaning different from that expressed by the same word as used in the printed marginal provision, we think the two provisions properly may be considered together in determining the meaning intended to be expressed by the word "conveyance." As used in the printed marginal provision, that word plainly means a railroad car— not a railroad—or other kind of vehicle for use in land transportation, not including the road or track on which the vehicle moves. When provisions of the policy as a whole are so considered, we think they do not fairly import that the continuance of the insurance of the bananas while they were on land was dependent upon their being transported by railroad at the time of their exposure to risks insured against. But it may be assumed, without being conceded, that the on land insurance was effective only while the bananas were on railroad cars in transit. The word "conveyance" having been used in another part of the policy, also dealing with the subject of insurance of goods while on land, with reference to railroad cars as constituting one kind of land conveyance, subject to the risks of derailment and collision, the use of the same word in the typewritten provision in question, insuring the bananas "while on railroad cars in the interior during the ordinary course of transit," and "while on docks, wharves or elsewhere on shore and/or during land transportation only, against the risks of collision, derailment" and other specified risks, including any "accident to the conveyance," fairly warrants the inference that the word "conveyance" was intended to have its ordinary and commonly accepted meaning, as it had when used in another part of the policy, especially as there was nothing in the context to indicate that it was intended to have a different meaning. It hardly would be contended that, in providing for the insurance of the bananas against the risks of collision and derailment, the parties had in mind a casualty to the railroad tracks or to a bridge supporting it at a point distant from where the bananas were at the time the casualty occurred. The conclusions that the word "conveyance" as used in the typewritten provision in question means the vehicle used in transporting the bananas, not including the track or road over which the vehicle moves, and that a casualty to the railroad track or to a bridge over which it passes at a point distant from where the railroad cars containing the bananas are at the time such casualty occurs is not an "accident to the conveyance," within the meaning of the provision, are well supported by judicial decisions. Ripley v. Railway Passengers' Assur. Co., 20 Fed. Cas. page 823, No. 11,854 Id., 16 Wall. 336, 21 L. Ed. 469; Gatewood v. Continental General Life Ins. Co. (D. C.) 23 F.(2d) 211; National Fire Ins. Co. v. Elliott (C. C. A.) 7 F.(2d) 522, 524, 42 A. L. R. 1121; Dolge v. Commercial Cas. Ins. Co., 211 App. Div. 112, 207 N. Y. S. 42; Id., 240 N. Y. 656, 148 N. E. 746. The rule as to construing an insurance policy most strongly against the insurer does not justify a court in attributing to the language used a meaning different from its ordinary and commonly accepted one, in the absence of anything to show that that language was intended to have a different meaning. Ripley v. Railway Passengers' Assur. Co., supra.

If the parties to the contract had intended the insurance of the bananas to cover, in addition to the risk of derailment, collision, and other named risks, also risks of accidents, not only to the car or cars on which the bananas were loaded, but to rail-

road tracks or bridges and railroad equipment other than cars, it fairly may be inferred that appellant would not have tendered, and appellee would not have accepted a policy containing a typewritten rider specifying the risks insured against in which no accident affecting the safety of the bananas was mentioned except by the use of the words "any accident to the conveyance." If risks of accidents other than such as might happen to the car or cars on which the bananas were loaded had been intended to be insured against, it reasonably may be supposed that the typewritten rider which enumerated the risks insured against while the bananas were on land would have contained, instead of the words "any accident to the conveyance," some such language as "any accident to the track, bridges, cars, or other railroad equipment causing loss or damage to the bananas," or "any accident resulting in loss or damage to the bananas while loaded on railroad cars."

We conclude that the evidence did not show that the loss of the bananas was due to a risk insured against, and that the court did not err in ruling to that effect.

The judgment is affirmed.