

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

June 17, 1966

Hon. Robert S. Calvert                  Opinion No. C-711
Comptroller of Public Accounts
Austin, Texas                           Re: Construction of Section
                                            14 of Article V of House
                                            Bill 12, Acts of the 59th
                                            Legislature, Regular Ses-
                                            sion, relating to rate
                                            of transportation allow-
                                            ance to State employees
                                            who travel in a conveyance
                                            not owned by the employee
                                            or rented from a public
Dear Mr. Calvert:                           transportation company.

        Your request for an opinion reads, in part, as follows:

        "Article 6823a, Section 3b provides:
'b.  The rate of per diem and transportation
allowance and method of computing those rates
shall be those set forth in General Appropria-
tion Acts providing for the expenses of the
State government from year to year.'

        " . . . .

        "Please advise, if you find that authority
exists, what rate of pay should be allowable for:

        "1.  the use of an automobile, not per-
sonally owned or rented from a public transporta-
tion company?

        "2.  the use of an airplane, not personally
owned or rented from a public transportation
company?"

        Section 14 of Article V of the current General Appropria-
tions Act provides, in part, as follows:

-3430-

"TRANSPORTATION ALLOWANCE. None of the moneys appropriation by this Act for travel expense may be expended to reimburse costs of transportation on official business except in compliance with the following conditions, limitations, and rules:

"a. The rate of such reimbursement for the employee's personally owned automobile shall be eight (8) cents per mile. No additional expense incidental to the operation of such automobile shall be allowed. None of the moneys appropriated for travel expense for mileage within the State of Texas for use of personally owned automobiles shall be expended unless the shortest route between points is used. This shall also include the use of Farm-to-Market roads.

"  . . . .

"The rate of reimbursement to executive heads and key officials for travel in their personally-owned airplanes within the boundaries of the State of Texas and between points of necessary official business shall be sixteen (16) cents per highway mile.

"Reimbursement for out of State transportation for the use of personally owned automobiles together with per diem shall never exceed the cost of commercial first class transportation from the nearest airport and the per diem required had the employee travelled by such conveyance. The determination of the allowances due owners of personally owned automobiles in compliance with this paragraph shall be as follows: (1) Per diem shall be determined by the use of an airline schedule which would have sufficed for the performance of the official business. (2) Expenses of transportation to airfields from points where airports are not available shall be allowed in addition to the cost of first class commercial air transportation. (3) When additional passengers are conveyed on out-of-state trips in personally owned automobiles they shall receive as their expenses per diem based on automobile travel time. (4) Persons traveling to points not served by airlines shall receive mileage and per diem based on actual miles traveled and other expenses as authorized elsewhere in this Act for out of State travel." (Emphasis added)

The pre-existing law for the above quoted rider in the Appropriations Act is the Travel Regulations Act of 1959, as amended, (Article 6823a, Vernon's Civil Statutes). Section 6 (c) of that Act was amended in 1963 so as to provide:

"In determining transportation reimbursement for travel by private conveyance, the Comptroller shall base reimbursement on the mileage by shortest highway distance between point of origin and the destination via intermediate points at which official state business is conducted and other necessary mileage at points where official state business is conducted. In determining the amounts of reimbursement for transportation by personal car within the state, the Comptroller shall compute all distances in accordance with the latest official state highway map." (Emphasis added)

An examination of the pre-existing law authorizing the rider in question together with Section 14 of Article V of the General Appropriations Act, reveals that the terms "private conveyance," "personal car," and "personally owned automobile" are terms used interchangeably and, therefore, are to be construed synonymously in arriving at legislative intent.

Subdivision 1 of Article 10, Vernon's Civil Statutes, states that the ordinary significance should be applied to words, except words of art or words connected with a particular trade or subject matter when they should have the significance attached to them by experts in such art or trade with reference to such subject matter. Since the phrase "private conveyance" is not a word of art, the ordinary significance must be applied to such phrase.

In Ripley v. Railway Passengers' Assurance Company, 83 U.S. 336 (1872), the term "private conveyance" was defined as "a vehicle belonging to a private individual." It is our opinion that this is the proper definition to give to the phrases "private conveyance," "personal car," and "personally owned automobile" as used in the Travel Regulation Act of 1959, as amended, and Travel Regulation riders in the current General Appropriation Act. Any other construction could, in certain circumstances, lead to absurd conclusions. For example, travel by a State employee in an automobile, the title of which is in the name of the employee's spouse.

You are therefore advised payment of eight (8) cents per mile for use of an automobile owned by a private individual is allowed to an employee entitled to transportation allowance whether such automobile is owned by the State employee or owned by some other private individual.

We are of the further opinion that the reasoning and holding to your first question is also applicable to your second question, and therefore executive heads and officials are entitled to a reimbursement of sixteen (16) cents per mile for the use of an airplane not personally owned or rented from a public transportation company.

## S U M M A R Y

The travel allowance of eight (8) cents per mile for use of an automobile is allowed to an employee who travels by an automobile owned by a private individual, whether such automobile is owned by the State employee or is owned by some other private individual. Executive heads and officials are entitled to reimbursement of sixteen cents per mile for the use of an airplane not personally owned or rented from a public transportation company.

Very truly yours,

WAGGONER CARR
Attorney General

By: *John Reeves*
John Reeves
Assistant

JR:sck:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Malcolm Quick
Mark White
Terry Goodman

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright