the contract, and that the defendant was at all times ready, willing and able to accept and pay for deliveries in accordance with the contract, which it had fully performed, except in so far as it was prevented by Takata & Co. It appeared on the trial that the seller had notified defendant within the required time that twenty bales had arrived and were ready for shipment but that defendant had never called for them. Plaintiff contended that the seller had defaulted in failing to notify as to the remainder.

*Herman Shulman, Mortimer Hays, Jacob J. Podell* and *A. Kane Kaufman* for appellant.

*Harry C. Kayser* and *Webster J. Oliver* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

MARIE C. DOLGE, as Administratrix of the Estate of EDWARD H. DOLGE, Deceased, Appellant, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Respondent.

*Insurance (accident) — action to recover upon poli y insuring against injury while passenger on public conveyance — no recovery for gunshot wound received while waiting for train on platform of station.*

*Dolge v. Commercial Casualty Ins. Co.*, 211 App. Div. 112, affirmed. (Argued May 7, 1925; decided June 2, 1925.)

APPEAL from a judgment, entered December 19, 1924, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed a judgment in favor of plaintiff entered upon an order of Special Term granting a motion by plaintiff for judgment on the pleadings and directed a dismissal of the complaint. The action was brought by the plaintiff, as administratrix, to recover a single indemnity under a policy termed "Travel Accident Policy," issued to Edward H. Dolge, the deceased, which provided insurance in the event of an accident while the assured was a passenger on a public conveyance. The amended com-

plaint sets forth that on January 5, 1924, while the policy was in full force and effect, said Dolge was traveling from The Bronx to his home in Mount Vernon, Westchester county, N. Y., and while a passenger on a public conveyance, namely, "the Hunt's Point Station of New York, Westchester and Boston Railway," which is a common carrier of passengers, received an accidental injury, viz., a gunshot wound, inflicted by the discharge of a gun in the hands of an unknown person, and that the injury thus received resulted in Dolge's death within twenty-four hours.

*Julius Hallheimer* and *Hugo Levy* for appellant.
*Theodore H. Lord* and *Fred H. Rees* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

SAMUEL NAGLER, Respondent, *v.* JAMES BUTLER, INC., et al., Appellants.

*Negligence — master and servant — injury to window cleaner while in the course of employment.*

*Nagler v. But'er, Inc.,* 212 App. Div. 861, affirmed.
(Argued May 7, 1925; decided June 2, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 7, 1925, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff contended that while performing his work cleaning windows in the store of James Butler, Inc., he was injured through the negligence of defendant Mark Lawless, district superintendent of said defendant James Butler, Inc., who while acting within the scope of his employment entered the store and negligently struck against the ladder on which plaintiff was standing, throwing him to the floor and causing the injuries complained of.

42