### DAVIES v. HARTFORD FIRE INS. CO.
### No. 10094.

Circuit Court of Appeals, Eighth Circuit.

Feb. 14, 1935.

Dan McCutchen, of Belle Fourche, S. D., for appellant.

C. G. Myers and C. F. Snerly, both of Chicago, Ill., and A. R. Denu, George Philip, and Boyd Leedom, all of Rapid City, S. D., for appellee.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment of dismissal entered upon an order sustaining a general demurrer to a complaint in an action at law upon a policy of fire insurance issued by the defendant (appellee) to the plaintiff (appellant). The question presented is whether the court erred in sustaining the demurrer.

■ The facts alleged in the complaint, which are to be taken as true for the purpose of determining this question, are in substance as follows: The policy was dated December 1, 1931, and was to run for three years. It insured a dwelling house and contents, located at Belle Fourche, S. D., against loss by fire. The policy had attached to it a rider which provided:

"In the interest of the insured, the condition of this policy excluding loss or damage from explosion is hereby modified and in consideration of the rate at which this policy is written, this company shall be liable for any direct loss or damage to the property insured hereunder caused by explosion occurring in the structure (or structures) insured hereunder or containing the property insured hereunder; provided further that in each and every instance the explosion results from the hazards inherent in the occupancy as described herein and not otherwise and except as hereinafter provided. The liability of this company for any or all of the hazards insured hereunder shall not exceed the amount of this policy nor the interest of the insured in the property and shall be subject in all other respects to the terms and conditions of this policy. * * *

"This company shall not be liable for loss or damage occasioned by or incident to the explosion of internal combustion engines,

caused by internal pressure, unless fire ensues and then for loss or damage by fire only."

On January 21, 1933, while the policy was in force, at about 4 o'clock in the morning, some person or persons unknown entered the house, disconnected a pipe carrying natural gas to the furnace in the basement of the house, moved the pipe so that it would discharge gas into a room in the basement, put a sack in the chimney to prevent the escape of gas from the basement, placed combustible material near to and above the escaping gas for the purpose and with the intention of igniting the gas and burning the building. The gas was ignited and caused an explosion, which demolished the house and its contents, but caused no fire. The explosion was purposely and maliciously caused by a person or persons unknown to the insured, intending to destroy the house and its contents. The acts of the person or persons unknown were committed without the knowledge, procurement, or consent of the insured. Proofs of loss were duly furnished, but the defendant company denied liability.

The plaintiff argues that, under a liberal interpretation of the language of the rider in favor of the insured, she would be entitled to recover the loss and damage caused by the explosion.

"It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 174, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Stipcich v. Insurance Co., 277 U. S. 311, 322, 48 S. Ct. 512, 72 L. Ed. 895. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.

"Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense." Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 492, 52 S. Ct. 230, 231, 76 L. Ed. 416. See, also, Inter-Southern Life Ins. Co. v. Zerrell (C. C. A. 8) 58 F.(2d) 135, 137.

The language of the rider is sufficiently plain and understandable. The explosion coverage was limited to losses caused by explosions resulting from hazards inherent in the occupancy of the premises as a dwelling house, and even for a loss resulting from such an explosion the insurer was not to be liable if the explosion was that of an internal combustion engine caused by internal pressure, unless fire ensued, in which case the liability of the insurer was to be measured by the fire damage only.

It is not necessary to determine what kinds of explosions would be covered by the rider. The rider was never intended to cover, and clearly does not cover, an explosion resulting from a deliberate attempt of some person, either known or unknown, to destroy the insured premises. Such an explosion, instead of resulting from a hazard inherent in the occupancy of the premises as an ordinary dwelling house, is as foreign to such an occupancy as anything that can well be imagined. It would be almost as sensible to say that an explosion of a bomb thrown through a window or of a stick of dynamite dropped down the chimney was caused by a hazard inherent in the occupancy. That natural gas within a dwelling house is deliberately diverted from its intended domestic use, for the purpose of causing fire or explosion in order to destroy the property insured, does not relate the explosion to the hazards of the occupancy. This explosion was a strange, unusual, and unnatural happening, and not within the contemplation of the parties to the contract of insurance. It arose from what is usually referred to in insurance circles as a "moral hazard," a hazard which inheres, not in buildings or in the character of their occupancy, but in the character of the persons who use, occupy, or enter them.

The court was clearly right in sustaining the demurrer, and the judgment is affirmed.