PAUL CARUSO, PLAINTIFF, v. JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY, A CORPORATION, DE-
FENDANT.

Decided May 13, 1947.

For the plaintiff, *Nathan Rabinowitz*.

For the defendant, *McCarter, English & Studer*.

DAVIDSON, C. C. J.   This case, of novel impression, and involving no disputed questions of fact, was, by stipulation, tried by the court without a jury.

Plaintiff seeks to recover the face amount of a policy of insurance issued to Frank Caruso, his son, on June 18th, 1942, in which policy he was named as beneficiary. Insured, while serving as a soldier in the United States Army, was killed by enemy action on March 26th, 1945, in the Battle of the Bulge during an advance in Brey, Germany.

The policy contained a War and Aviation Risk Exclusion Provision, the pertinent clauses of which read as follows:

"Anything in this Policy to the contrary notwithstanding, it is hereby provided that death as hereinafter described is not a risk assumed under the Policy and in the event of such death the liability of the Company shall be limited as hereinafter set forth.

"(a) Death while the Insured is serving outside the forty-eight states of the United States, the District of Columbia and the Dominion of Canada in the military or naval or air forces of any country at war, whether such war be declared or undeclared, or death within six months after the termination of such service from any injury or disease sustained or contracted while in such service.

"(c) Death within two years from the date of issue of the Policy, as a result of war or any cause incident thereto, whether such war be declared or undeclared, while the Insured is outside the States of the United States, the District of Columbia and the Dominion of Canada.

"In the event of any such death, the liability of the Company shall be limited to the amount of the premiums paid on the policy less any dividends apportioned and credited, plus interest at the rate of 3% compounded annually, plus any dividends left to accumulate, plus the reserve on any paid-up policy additions, and less any indebtedness on the Policy existing at the date of death or when extended term or paid-up insurance may have become effective."

The sole question presented for determination is the interpretation of the foregoing clauses. If clause (a) is applicable to the admitted facts, plaintiff's recovery is limited to the amount of premiums paid, plus dividends and interest, an aggregate of $91.97; whereas, if clause (c) is applicable, defendant is liable for the face amount of the policy.

The authorities are in agreement as to the fundamental rules of construction, for a policy of insurance is simply a contract and its provisions should, of course, be construed as in any other contract. The insurer having a larger part in the selection and terminology of clauses, policies of insurance will be liberally construed to uphold the contract, and conditions in them which create forfeitures will be construed most strongly against the insurer and will never be extended beyond the strict words of the policy. *Snyder* v. *Dwelling-House Insurance Co.*, 59 *N. J. L.* 544; 37 *Atl. Rep.* 1022. This rule of construction, favorable to the insured, clearly can only have application where there is ambiguity, so that the intent is not clear and doubt arises upon perusal. *Harris* v. *American Casualty Co.*, 83 *N. J. L.* 641; 85 *Atl. Rep.* 194; *Connell* v. *Commonwealth Casualty Co.*, 96 *N. J. L.* 510; 115 *Atl. Rep.* 352.

The elemental rule of construction is to arrive at and determine the intention of the parties as demonstrated by the language employed, when read and considered as a whole. Effect, if possible, will be given to all parts of the instrument,

and the construction which gives a reasonable meaning to all its provisions will be preferred to one which leaves a portion of the writing useless or inexplicable. *Bullowa* v. *Thermoid Co.,* 114 *N. J. L.* 205; 176 *Atl. Rep.* 596.

It is not a proper function of the court to rewrite or distort a contract under the guise of judicial construction. Chief Justice Gummere aptly remarked in *Kupfersmith* v. *The Delaware Insurance Co.,* 84 *N. J. L.* 271; 86 *All. Rep.* 399:

"The law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other. The judicial function of a court of law is to enforce the contract as it is written."

Application of the established rules to the construction of the clauses in question reveals no ambiguity unless one is to be arbitrarily disregarded and considered wholly meaningless. Interpreted without strain or distortion and assigning to the words their ordinarily and commonly accepted meaning, there seems to be no valid reason why both clauses cannot be effectually enforced without conflict, for the limitation in clause (a) clearly and specifically refers only to those serving in the military, naval or air forces, while clause (c) must of necessity apply to insureds not so serving in the armed forces. The obvious intent of clause (a) is to protect the company against abnormal losses necessarily arising in the military forces as a result of such action, regardless of the length of time the state of conflict might endure.

The exclusion under clause (c) clearly applies, without limitation, to insureds other than those serving in the armed forces, *i. e.,* civilians, and in modern warfare may be invoked in varied and numerous situations. A Y. M. C. A., Salvation Army, or other fraternal or organization worker, Red Cross nurse, a civilian on either governmental or private mission, one stranded in the zone of hostilities—all are within its purview, and the illustrations might be further extended.

Clause (a) is a specific clause applying only to an insured serving in the armed forces outside of the United States, the District of Columbia and the Dominion of Canada, while clause (c) is general, and the United States Supreme Court

in *Mutual Life* v. *Hill,* 193 *U. S.* 551; 24 *S. Ct.* 538, holds "that a clause which is substantially directed to a particular matter controls in respect thereto over one which is general in its terms."

So, too, where there is a repugnancy between a general clause and specific ones, the latter will govern; and if there is no actual repugnancy, taking the words of the contract literally, and from the whole instrument it appears that the purpose of the parties was solely directed to the particular matter to which the special clause or words relate, the general words will be restrained. *Williston on Contracts,* § 619; 13 *C. J.* 535. A construction that will void a clause of the contract for repugnancy is to be avoided, if possible. *Cf. Restatement on Contracts,* § 236; *Ehnes* v. *Hrones,* 127 *N. J. L.* 551; 23 *Atl. Rep.* (2d) 592.

Clause (a) is a "military status clause," as distinguished from a "cause of death clause" and in such cases the status of the insured and not the cause of death is the ground upon which the exoneration of the insurer from liability stands. *Life and Casualty Insurance Co.* v. *McLeod,* 70 *Ga. App.* 181; 27 *S. E. Rep.* (2d) 871.

*Stinson* v. *New York Life Insurance Co., D. C.,* 69 *Fed. Supp.* 860, holds to the same effect that

"Where the type of provision is such as to limit the liability of the insurer with respect to the 'status' of the insured at the time of his death, it seems clear that the critical question is whether or not he was in such status at that time, regardless of the cause of death."

The industry of counsel has developed but one case involving construction of clauses comparable to those here in question, and *Coit* v. *Jefferson Standard Life Insurance Co., (Cal. Sup.),* 168 *Pac. Rep.* (2d) 163, construing substantially similar clauses, holds that the "status" rather than the "results" clause should prevail.

For the reasons outlined, my conclusion is that the specific clause (a) applies and that in accordance with the terms of the policy, plaintiff is entitled to judgment in the sum of $91.97.