### HAYES v. HOME LIFE INS. CO.
#### No. 9585.

United States Court of Appeals
District of Columbia.

Argued Jan. 28, 1948.

Decided March 8, 1948.

Mr. Arthur P. Drury, of Washington, D. C., with whom Mr. George E. Hamilton, Jr., of Washington, D. C., was on the brief, for appellant. Mr. Robert Peter, of Rockville, Md., also entered an appearance for appellant.

Mr. Edgar J. Goodrich, of Washington, D. C., with whom Mr. Lipman Redman, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant is the beneficiary named in certain policies of insurance issued by the appellee. The appellee having declined to pay the total face amount of the policies, appellant brought a civil action in the District Court to recover that amount. That court granted the company's motion for summary judgment.

The controversy concerns the following provisions of the policies:

"War, Aviation and Travel Provisions. Anything herein to the contrary notwithstanding, this policy is issued subject to the condition that the amount of insurance hereunder shall be limited to the sum of the

premiums paid hereon, or the reserve for the face amount of this policy, whichever is greater, increased by the reserve on any outstanding paid-up additions and less any indebtedness, but in no event shall the amount payable under this policy be more than if this endorsement had not been made hereon, if

"(a) The death of the insured results, directly or indirectly, from military or naval service outside the geographical boundaries of the Continental United States of America in time of war, whether declared or undeclared;

\* \* \* \* \* \*

"(c) The death of the insured results within two years from the date of issue of this policy, directly or indirectly, from war, whether declared or undeclared, while the insured is outside the geographical boundaries of the Continental United States of America."

The policies were issued on June 1, 1942. The record does not show whether at that time the insured was or was not in the military service. In any event, in July, 1945, he was an officer in the United States Navy on duty on the cruiser Indianapolis in the Pacific Ocean and met his death when that ship was sunk as a result of enemy action.

It is agreed that the death of the insured occurred outside the geographical boundaries of the United States in time of war and more than two years after the date of the policies. It is also clear that his death resulted from naval service and also resulted from war. The literal terms of both clause (a) and clause (c) apply. But if (a) alone be applied, the company is not liable for the face amount of the policies, whereas if (c) alone be applied, the company is so liable. Thus, the problem is: Where both of two clauses, one of liability and one of non-liability, apply, which should be given effect? It seems to us that this is the sort of problem to which the rule as to ambiguity must apply. There is no ambiguity in the language of either clause; both apply. But since the clauses are conflicting, an ambiguity in the contract is created.

Appellee avoids the conclusion just indicated by contending that the clauses are in the alternative and that if either one applies, liability is defeated; liability need be defeated only once. The difficulty with the argument is that the clauses are not alternative negations of liability. While the expression of clause (c) is that liability is limited if death results within two years from war, it clearly also means that if death results from war *after* two years from the date of the policy, the company will pay the full face amount. The clause is not only a bar for two years, but in common, plain and natural understanding it is an affirmation of full liability after two years, so far as war might be the cause of death. The two-year provision in clause (c) makes the two clauses opposites in result after the two years have expired, and not alternative bars to liability. If clause (a) had referred to death resulting from naval service and clause (c) had referred simply to death resulting from war, without the two-year limitation, there would have been two separate bars to liability and the existence of either cause would have been sufficient to defeat liability. But in the case at bar, where the two years had expired, the two clauses were in direct conflict, one denying and the other asserting liability.

Appellee buttresses the foregoing argument by reference to clause (b) of the endorsement, which limits liability if death results from travel or flight in any species of aircraft, except as a fare-paying passenger. It treats that clause as a direct limitation upon liability, with no affirmative implications of liability. But the clause does have such an implication in respect to fare-paying passengers. To get an analogy from clause (b) to the present case, we would have to imagine a person in the naval service and on a naval mission but for some reason a fare-paying passenger in an aircraft. If death resulted, there would be a conflict between clause (a) and clause (b) as to liability, although that conflict might not be as striking as that between clauses (a) and (c) in the case at bar.

Appellee relies upon a line of cases, of which it cites Caruso v. John Hancock Mu-

tual Life Insurance Co.[1] as "on all fours" with the present case, and Jorgenson v. Metropolitan Life Insurance Co.,[2] decided by the same court to the same effect. But those cases dealt with so-called "status" clauses, and the courts held that a "status" clause governs over a "result" clause. Thus, in the Caruso case [25 N.J.Misc. 318, 53 A.2d 223], one clause limited liability on account of "Death while the Insured is serving * * * in the military or naval or air forces", while the other limited liability on account of "Death within two years from the date of the Policy, as a result of war * * *." The court said, "Clause (a) is a 'military status clause', as distinguished from a 'cause of death clause' and in such cases the status of the insured and not the cause of death is the ground upon which the exoneration of the insurer from liability stands." The court cited Coit v. Jefferson Standard Life Ins. Co.,[3] which in turn referred to a large number of cases which arose after World War I and which involved so-called "status" clauses where the death occurred as the result of influenza, which was common alike to civilians and military personnel, and from accidents not in the course of military duty. We need not analyze or discuss at length these authorities. They are collected and amply considered in the Coit case, supra, and in Boatwright v. American Life Ins. Co.,[4] Gorder v. Lincoln Nat. Life Ins. Co.,[5] Life & Casualty Ins. Co. v. McLeod,[6] and Bending v. Metropolitan Life Ins. Co.[7] The rationale of those cases is that where a policy excludes all persons of a given status, the cause of death is immaterial in case of the death of such persons; and that a further exclusion in the policy of liability for death from specified causes has meaning only in relation to persons not in the status otherwise wholly excluded. But we need not now determine for this jurisdiction whether a status clause prevails over a result clause, because we have no status clause before us. Our case involves two contradictory result clauses. Certainly the cases referred to would prevent the translation of a clear result clause into a status clause in order to extend an otherwise uncertain limitation upon liability.

The rule that a real ambiguity in an insurance policy is to be construed against the company is not a rule of convenience or a mere technicality of legalists. It is based upon sound public policy. Insurance contracts are written by the companies. Those companies are equipped with able counsel and other experts in the field, not only in their separate organizations but in their national associations. From their point of view, there is not the slightest reason why the terms of a contract should not be crystal clear. Nevertheless, the custom has arisen of writing these contracts in long, complicated and technical phraseology. No doubt that custom has a basis in the experience of the companies, just as the use of unintelligible language in many legally drawn contracts has a basis in the dim historical past. But these insurance contracts are then presented and sold to ordinary individuals in printed form and by expert salesmen. Moreover, and most important, life insurance has become a major, if not the major, factor in the concern of men generally for the protection of their families and dependents.[8] But these individual prospects are, in vast majority, not informed in the obscurities of insurance expertise and not equipped to understand other than plain language. If the companies were permitted to write clear clauses of liability at one point and obscure negations of liability at another, and to maintain successfully the prevalence of the latter

---

[1] N.J.Sup.1947, 53 A.2d 222, 25 N.J. Misc. 318.

[2] 1947, 136 N.J.L. 148, 55 A.2d 2.

[3] 1946, 28 Cal.2d 1, 168 P.2d 163, 168 A.L.R. 673.

[4] 1920, 191 Iowa 253, 180 N.W. 321, 11 A.L.R. 1085.

[5] 1920, 46 N.D. 192, 180 N.W. 514, 11 A.L.R. 1030.

[6] 1943, 70 Ga.App. 181, 27 S.E.2d 871.

[7] 1944, 74 Ohio App. 182, 58 N.E.2d 71.

[8] Mr. Justice Cardozo, in Burnet v. Wells, 1933, 289 U.S. 670, 681, 53 S.Ct. 761, 765, 77 L.Ed. 1439: "Insurance for dependents is today in the thought of many a pressing social duty. Even if not a duty, it is a common item in the family budget, kept up very often at the cost of painful sacrifice, and abandoned only under dire compulsion."

over the former, the temptation to sell on one clause and defend on the other would be dangerous. If there be an abiguity in a contract, it is the fault of the company and of the company alone, and, as we have said, the companies are fully equipped to avoid ambiguities. The great public concern in life insurance requires that they be compelled to do so.

Appellee relies upon cases such as Fields v. Pyramid Life Ins. Co. of Topeka, Kan.,[9] in which the Supreme Court of Missouri dealt with the so-called suicide statute of that state. Of course, if we had before us a case involving the law of Missouri, we would be compelled to accept the construction of that law by the courts of that state, just as the Circuit Court of Appeals for the Eighth Circuit did in McReynolds v. New York Life Ins. Co.[10] But with deference to the Missouri courts, we would not agree with their conclusion as a matter of unimpeded impression. The suicide statute [11] provided that "in all suits upon policies of insurance on life * * * it shall be no defense that the insured committed suicide * * *, and any stipulation in the policy to the contrary shall be void." The policy in the Fields case excluded liability if death resulted from a number of causes, stated in the alternative, including "self-destruction, while sane or insane" and "poisoning". The decedent's death was from suicide by poisoning while insane. The court held that while the company could not defend upon the ground that decedent committed suicide, it could successfully defend upon the ground that he died from poisoning. It would seem to us that the statutory prohibition of defense for suicide meant suicide by any means, and that to hold to the contrary would mean that a company could successfully nullify the peremptory mandate of the statute by simply listing as alternative exclusions death by any of the conceivable methods of self-destruction. We cannot accept those cases as controlling in the case before us.

We find a clear and real ambiguity between the non-liability provision of clause (a) and the liability affirmation of clause (c) after two years from the date of the policy. That ambiguity must be construed against the appellee.

The judgment of the District Court must be and is reversed and the case remanded to that court for further proceedings in accordance with this opinion.

Reversed.

---

[9] 1943, 325 Mo. 141, 176 S.W.2d 281.
[10] 1941, 122 F.2d 895.

[11] Mo.Rev.Stat.1939, § 5851, Mo.R.S.A.