GERRITY et al. v. CHARTER OAK FIRE INS. CO.

GERRITY et al. v. UNITED STATES FIRE INS. CO. OF NEW YORK.

Civil Actions Nos. 36337, 36338.

United States District Court
District of Columbia.

March 2, 1949.

William E. Leahy, of Washington, D. C., for plaintiffs.

Ernest A. Swingle, of Washington, D. C., for defendants.

HOLTZOFF, District Judge.

These two actions, which have been consolidated for trial, are brought on three fire insurance policies to recover for losses caused by an explosion in a house owned by the plaintiffs and covered by the insurance. The matter has been submitted on an agreed statement of facts.

The plaintiffs were the owners of a private dwelling house in Washington, D. C. On February 26, 1946, an explosion occurred in that building, completely destroying the structure and its contents. Fire insurance was carried by the defendants. Each of the policies contained the following provision:

"Inherent explosion clause: Insurance under this policy shall include liability for any direct loss caused by explosion occurring in the above described dwelling or appurtenant private structures or in any structure containing property covered hereunder from hazards inherent therein, but this Company shall not be liable for explosion originating within steam boilers, steam pipes, steam turbines, steam engines, flywheels, located in any structure."

The policies as originally issued did not embody this clause. It was added later by what is known as an endorsement or a rider. This circumstance, however, is immaterial, since the additional provisions became a part of the contract. Recovery in these actions is sought under this clause.

At the time of the explosion, no one was at home except the plaintiffs' son, Edward H. Gerrity, who lost his life in the catastrophe. A large gas main entered the house and branched off into two sections. Immediately beyond the point of separation, each pipe contained a locked cut-off valve, which could not become displaced except by a human agency. After the explosion, a washer and the core from one of the valves, as well as a monkey wrench and a hammer, were found on the furnace room floor. The body of the deceased was also lying there. The Coroner determined that his death was due to asphyxiation by carbon monoxide.

■ The facts point to the conclusion that the explosion was caused by the escape of gas from the pipe after the valve was withdrawn, and that the gas became ignited by the pilot light. It is a reasonable deduction that the deceased had been working on the apparatus for some undetermined purpose, perhaps to make some repairs, and in so doing had accidentally or negligently removed the valve. We now pass to the question whether an explosion occurring in the above described manner is covered by the "inherent explosion clause" of the policies.

■ The pertinent parts of this clause in question read as follows: "Insurance under this policy shall include liability for any direct loss caused by explosion occurring in the above described dwelling * * * from hazards inherent therein." It is well established that since insurance policies are drawn by insurance carriers, any ambiguity or any doubt as to the meaning of a phrase or provision contained in the insurance contract, will be construed in favor of the insured and against the company.[1] The phrase "hazards inherent therein", grammatically construed, obviously means "hazards inherent in the above described dwelling." Inherent hazards are hazards that constitute a necessary and permanent characteristic, quality, or attribute of the structure or article. As was stated in Farley v. Edward E. Tower Co., 271 Mass. 230, 234–235, 171 N.E. 639, 641, 86 A.L.R. 941, "danger is inherent when it is due to the nature of an article and not to a defect in an article naturally harmless; but the dangerous quality of an article is none the less inherent because it is brought into action by some external force." The possibility or risk of an accidental explosion, no matter how remote, is a characteristic or attribute of any system of apparatus for supplying illuminating gas. The appliances formed part of the insured property and, therefore, this possibility was a "hazard inherent therein." It is immaterial whether the explosion was the result of some defect in the manufacture, installation, or maintenance of the apparatus, or was caused by carelessness and negligence in handling it. In either event the explosion is a consequence of the very nature of the machinery, and is, therefore, due to a "hazard inherent therein." That a human agency intervened if the explosion was caused by negligence, is immaterial. A defect in the manufacture, installation, or maintenance of the apparatus, may likewise be due to a failure on the part of some human being. Yet it would hardly be questioned that an explosion so caused would be covered by these policies of insurance. "Hazards inherent therein" are by no means limited to spontaneous explosions. If this were the case, the clause would not be of very much value.

Research of counsel has resulted in discovering only one decision involving a similar situation, Davies v. Hartford Fire Ins. Co., 8 Cir., 75 F.2d 442, 443. In that case the rider attached to the policy covered explosions resulting from "hazards inherent in the occupancy." There, too, some one disconnected a pipe carrying natural gas to the furnace in the basement. The gas was ignited and caused an explosion, which demolished the house and its contents. The Circuit Court of Appeals for the Eighth Circuit held that the loss was not covered by the policy. This decision was rendered on a demurrer to the complaint. It was expressly alleged in the complaint that the explosion had been purposely and maliciously caused by a person or persons unknown to the insured, intending to destroy the house and its contents. Judge Sanborn, in a well considered opinion, wrote as follows:

"The rider was never intended to cover, and clearly does not cover, an explosion resulting from a deliberate attempt of some person, either known or unknown, to destroy the insured premises. Such an explosion, instead of resulting from a hazard

[1] Thompson v. Phenix Ins. Co., 136 U. S. 287, 297, 10 S.Ct. 1019, 34 L.Ed. 408; Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U.S. 167, 174, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102; Stipcich v. Metropolitan Insurance Co., 277 U.S. 311, 322, 48 S.Ct. 512, 72 L.Ed.

895; Aschenbrenner v. U. S. F. and G. Co., 292 U.S. 80, 84, 54 S.Ct. 590, 78 L.Ed. 1137; Clapper v. Aetna Life Ins. Co., 81 App.D.C. 246, 247, 157 F.2d 76; Hayes v. Home Life Ins. Co., D.C.Cir., 168 F.2d 152, 154; Phoenix Mut. Life Ins. Co. v. Flynn, D.C.Cir., 171 F.2d 982.

inherent in the occupancy of the premises as an ordinary dwelling house, is as foreign to such an occupancy as anything that can well be imagined. It would be almost as sensible to say that an explosion of a bomb thrown through a window or of a stick of dynamite dropped down the chimney was caused by a hazard inherent in the occupancy."

The Davies case, therefore, by no means governs the case at bar. Here no basis exists for any finding that the explosion was purposely or maliciously caused with intent to destroy the house and its contents. The commission of a crime will not be presumed. In fact, the presumption is to the contrary. The agreed facts in the instant case lead to the inference that the explosion was caused by the negligence or carelessness on the part of some one, possibly the deceased, rather than by an intentional, malicious, or criminal act.

It is the view of this Court that there is a vital distinction in principle between negligence and carelessness in the handling of the apparatus, on the one hand, and intentional or malicious dismantling of the appliances with the intention of destroying the house, on the other hand. Obviously, in the latter event the explosion is not due to an inherent hazard. In the former case, the opposite is true.

Another consideration that deserves attention is that in the Davies case, the explosion rider covered explosions resulting from "hazards inherent in the occupancy." In the instant case the clause covers "hazards inherent in the dwelling." The former relates to hazards arising out of the occupancy. The latter, which is much broader, relates to hazards inherent in the structure itself.

For these reasons, the Court is of the opinion that the explosion in this case is within the terms of the insurance policies. Since it is admitted that the amount of damages at least equals the full amount of the insurance coverage, judgment will be rendered for the plaintiffs in each case for the amount of the policy involved.

Counsel will submit proposed findings of fact and conclusions of law and a proposed judgment.