BUCHANAN

v.

MASSACHUSETTS PROTECTIVE
ASS'N, Inc.

No. 1421.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 11, 1954.

Decided Feb. 3, 1954.

Jo V. Morgan, Jr., Washington, D. C., for appellant.

Louis M. Denit, Washington, D. C., with whom Richard A. Bishop, Arlington, Va., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Appellant is the insured under two health and accident policies issued by appellee insurance company. He became totally disabled by disease within the meaning of the policies and the insurance company paid him periodic indemnities until he became 60 years of age. After that time the company, relying on a provision in the policy, reduced the amount of payments by fifty per cent. The insured sued for the difference, and the trial court having ruled against him, he brings this appeal. The sole question for decision is whether the insured was entitled to full benefits, or half thereof, after age 60.

One contract, "The Perfection Policy," provides for weekly indemnities during pe-

riods of disability resulting from disease. The other, called "Daily Benefit Policy," provides for daily payments during such periods. The pertinent provisions of the two policies are substantially identical, and we need refer only to the first-named.

The policy (part N) provides: "The term of this policy commences upon the date hereof and runs until the insured's seventieth birthday. After the insured passes his sixtieth birthday all indemnities payable under this policy will automatically be reduced Fifty Per Cent." Appellant argues that this provision means that benefits are to be 50% less for disabilities commencing *after* age 60, but that full benefits must be paid for disabilities beginning *before* that age and continuing beyond it.

█ We think the policy cannot be so construed. It provides no limitation as to disabilities commencing after the insured's sixtieth birthday. It speaks only of indemnities and makes them automatically 50% less at age 60. It seems reasonable to suppose that if it was not intended that there be a reduction at age 60 with respect to already existing disabilities, language indicating that purpose would have been used. We think the quoted language cannot be said to be ambiguous, so as to bring into operation the familiar rule of applying a construction favorable to the insured, and thus adopting his version of the meaning of the words. Considered alone the section is clear and unqualified, and according to it all benefits become 50% less after age 60 without regard to the age of insured at the time he first incurred disability.

█ Appellant cites Hobson v. Mutual Benefit Health & Accident Ass'n, 99 Cal. App.2d 330, 221 P.2d 761, in support of his construction. The policy there considered was unlike the one before us. It provided without qualification that $100 per month would be paid to insured so long as he lived and suffered disability. In large type on the first page of the policy appeared the words "Monthly Benefits $100.00 Maximum Monthly Benefits $200.00" The court held

that "In view of these eye-catching positive statements" a subsequent provision calling for reductions in the monthly payments beginning at age 56 would apply only to disabilities beginning after that age. In the policy before us there are no such positive or unqualified statements.

We next consider whether part N conflicts with other provisions of the policy, so as to create ambiguities which are to be resolved in favor of appellant. Part A provides that the insurer "will pay during the continuance of such disability Fifty Dollars per week, *as hereinafter limited.*" (Emphasis supplied.) Certainly this section does not conflict with part N. On the contrary it is clear that part N was intended as a limitation upon part A, and no reason appears why it should not take effect as such.

█ A rider attached to the policy provides: "If total disability resulting from disease and arising thereunder prior to the insured's sixtieth birthday continues beyond the sixty weeks described in Clause I of the attached policy, the weekly indemnity *provided by said policy* shall continue to be payable to the insured so long as he thereafter lives and is continuously totally disabled. * * *" (Emphasis supplied.) Here again there is no conflict with part N. The rider was for the benefit of the insured, by making the "indemnity provided by said policy" payable for life, instead of terminating completely at age 70, as it would have done except for the rider. The "indemnity provided by said policy" is the amount named in part A as limited by part N.

Appellant relies on Boillot v. Income Guaranty Co., 231 Mo.App. 531, 102 S.W. 2d 132, and an alternative holding in Hobson v. Mutual Benefit Health & Accident Ass'n, supra, where somewhat similar provisions were found to be ambiguous. But in those cases the policies contained unequivocal agreements to pay fixed monthly sums, and it was held that subsequent clauses, limiting or reducing liability, must fail for repugnancy. In the case before us

there is, as we have seen, no repugnancy between the limiting clause and other policy provisions.

We think we would have to read into the policy ambiguities and conflicts which are not there, and distort its plain intent, in order to adopt the meaning for which appellant contends.

Affirmed.