**Joseph W. BUCHANAN, Appellant,**

v.

**MASSACHUSETTS PROTECTIVE ASSOCIATION, Inc., a body corporate, Appellee.**

**No. 12086.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 13, 1954.

Decided March 3, 1955.

Petition for Rehearing In Banc Denied March 18, 1955.

---

Mr. Jo V. Morgan, Jr., Washington, D. C., with whom Mr. Duane G. Derrick, Washington, D. C., was on the brief, for appellant.

Mr. Louis M. Denit, Washington, D. C., with whom Messrs. Thomas S. Jackson and Richard A. Bishop, Washington, D. C., were on the brief, for appellee.

Before BAZELON and WASHINGTON and BASTIAN, Circuit Judges.

BAZELON, Circuit Judge.

Appellant, the insured under two health and accident policies issued by the appellee, brought suit on the policies in the Municipal Court for the District of Columbia. That suit resulted in a judgment for appellee, which was affirmed by the Municipal Court of Appeals for the District of Columbia,[1] and subsequently we allowed this appeal.

About three months before his sixtieth birthday, appellant became totally disabled by disease and the appellee duly made payments to him under the policies. But when appellant reached his sixtieth birthday, appellee reduced the payments by fifty per cent. The question is whether such reduction is authorized under the policies. Since the pertinent provisions of the two policies are substantially identical (the chief difference being that one is set upon a weekly basis and the other on a daily basis), it will be sufficient if we confine our discussion to the policy designated as "The Perfection Policy."

The claim is founded upon Clauses "A" and "C" of the policy. Clause "A" provides:

> "*Total Disability from Accident or Disease.* If such injuries or disease result in continuous total disability requiring the regular and personal attendance of a licensed physician, the Association will pay during the continuance of such disability Fifty Dollars per week, as hereinafter limited."

Clause C provides for certain additional payments if the insured is hospitalized or under the care of a registered nurse. The appellee does not question that the disability here comes within the coverage of these clauses of the policy, but it asserts that Clause "N"

---

1. Buchanan v. Massachusetts Protective Ass'n, 1954, 102 A.2d 757.

of the policy effects a fifty per cent reduction in the benefit payments due under Clauses "A" and "C" from the date of the insured's sixtieth birthday. Clause "N" reads:

"The term of this policy commences upon the date hereof and runs until the insured's seventieth birthday. After the insured passes his sixtieth birthday all indemnities payable under this policy will automatically be reduced Fifty Per Cent."

But the appellant replies that the reduction is intended to apply only to disabilities arising after age sixty and has no effect upon those arising earlier and continuing thereafter.

■ The appellee argues, and the court below held, that the language of Clause "N" is unambiguous and leaves no room for construction. To us, however, a provision reducing "all indemnities payable" after age sixty does not—when read in the context here presented—clearly and unambiguously convey that disability benefits already in course of payment are to be affected. The motive for purchasing health and accident insurance is to provide a modest but steady income during periods of disability. It is seriously to be doubted that such insurance could as successfully be sold if the insurance company were to announce to its prospects that at the age of sixty their sustenance was to be cut in half and, we observe, no such suggestion appears in the application form which is part of the policy under Clause "O". The form flatly speaks of a weekly indemnity of $50. To accomplish the fifty per cent vitiation of the contract of insurance which the company seeks, we

would insist upon language which unambiguously conveys such an intent to the mind of an ordinary layman. Failing such unambiguous language, doubt should be resolved in favor of the insured.[2]

■ To be sure, the bare language of Clause "N" can be read as reducing payments on pre-age sixty disabilities. But that clause should not, of course, be "considered alone", as was done by the court below.[3] Clause "A" of the policy undertakes to pay the insured $50 per week during the continuance of certain total disabilities. A rider to the policy, amending Clause "I", undertakes to continue the payments for the life of the insured if the disability occurred before age sixty. Clause "O" provides for an increase in the annual premium from $175 to $205 upon the insured reaching age fifty. Reading Clause "A", the rider, and Clause "O" together, the purport of the policy is that the insured is to be protected for life in case of continuing total disability arising before age sixty and the Company is to be safeguarded against the undeniably greater incidence of disability at advanced ages by the increase in premium rates. A layman, reading Clause "N" against that background, can fairly and reasonably understand it as another provision to safeguard the Company against the increasing incidence of disability. Thus, for the decade between ages fifty and sixty, the Company protects itself by a seventeen per cent increase in premium rate and, for the remainder of the term of the policy between ages sixty and seventy, instead of another increase in premium rate, there is a fifty per cent decrease in cover-

**2.** Stroehmann v. Mutual Life Ins. Co., 1937, 300 U.S. 435, 57 S.Ct. 607, 81 L. Ed. 732; Phoenix Mutual Life Ins. Co. of Hartford, Conn. v. Flynn, 1948, 83 U. S.App.D.C. 381, 171 F.2d 982. As we said in Hayes v. Home Life Ins. Co., 1948, 83 U.S.App.D.C. 110, 112, 168 F.2d 152, 154, the customers of insurance companies

" * * * are, in vast majority, not informed in the obscurities of insurance expertise and not equipped to understand other than plain language. If the companies were permitted to write clear clauses of liability at one point and obscure negations of liability at another, and to maintain successfully the prevalence of the latter over the former, the temptation to sell on one clause and defend on the other would be dangerous."

**3.** 102 A.2d at page 758.

age, which in effect is a one hundred per cent increase in premium cost. The layman, reading the entire policy, could fairly and reasonably conclude that Clause "N" applies the reduction in coverage only to those disabilities arising after age sixty and that total disability occurring before age sixty enjoys full coverage even though it continues beyond that age.

This construction was placed upon similar provisions involved in the only two decisional authorities referred to by either of the parties. In Hobson v. Mutual Benefit Health & Accident Ass'n,[4] the insurance clause provided for a monthly indemnity of $100, and the subsequent reduction clause called for progressive reduction of benefits at the rate of ten per cent per year beginning at age fifty-six so that by age sixty monthly benefits would be fifty dollars. In Boillot v. Income Guaranty Co.,[5] the insurance clause called for monthly payments of $100 and the reduction clause provided for a one-third reduction of indemnities accruing after age fifty-five. In both cases, the reduction clause was held to affect only disabilities arising after the specified age, leaving unaffected payments due on account of disabilities commencing earlier. The court below concluded that Clause "N" refers not to *disabilities* occurring after age sixty, but to *payments* then occurring. The word used in Clause "N" is "indemnities." The same word was used in the reduction clause in the Boillot case[6] and in the Hobson case the word was "benefits."[7] Yet both cases held the provisions to refer only to after-arising disabilities and not to payments for pre-existing disabilities.

We think both the Hobson and Boillot cases are correct. The court below distinguished them from the instant case because

"* * * in those cases the policies contained unequivocal agreements to pay fixed monthly sums, and it was held that subsequent clauses, limiting or reducing liability, must fail for repugnancy."[8]

In our view this distinction is without substance, since the agreement to pay in the instant case is not less "unequivocal" than the agreements in the cases cited. The court below found the phrase "as hereinafter limited" in the insurance clause (Clause "A") and the phrase "provided by said policy" in the rider prevented the policy in the present case from being an "unequivocal agreement" to pay fixed sums and thus avoided any conflict between those clauses and Clause "N". We note, however, that the insurance clause in the Hobson case [99 Cal.App.2d 330, 221 P.2d 763] included the phrase " 'subject, however, to all the provisions and limitations hereinafter contained' " and the insurance company argued that the phrase should serve to "tie in" the reduction clause with the insurance clause, thereby avoiding the conflict, but the court specifically rejected the argument.[9] In the Boillot case, similar language in the insurance clause was held ineffective to subject to reduction payments for pre-existing disabilities.[10]

Nor can the Hobson case be distinguished as did the court below on the ground that the first page of the policy stated in large type that the monthly benefits were to be $100. In the instant case there is no such statement in large type, but the application states that the weekly indemnity is $50, without any qualifying or limiting language to suggest that there may be a reduction, and the policy as a whole, as we have said, conveys no contrary impression to the layman reading it. The public policy which dictates resolution of ambiguities

---

4. 1950, 99 Cal.App.2d 330, 221 P.2d 761.

5. 1937, 231 Mo.App. 531, 102 S.W.2d 132.

6. 102 S.W.2d 132, 143.

7. 221 P.2d 761, 763.

8. 102 A.2d 757, 758.

9. 221 P.2d 761, 764.

10. 102 S.W.2d 132, 144.

in favor of the insured rests upon the need to protect against the opportunity which insurance companies have to engage in the sort of obscurantism which conveys one meaning of their contracts to lawyers and another meaning to laymen.[11]

Reversed.

BASTIAN, Circuit Judge (dissenting).

I think the judgment appealed from should be affirmed on the opinion of the Municipal Court of Appeals. Buchanan v. Massachusetts Protective Association, Inc., 102 A.2d 757.

11. Hayes v. Home Life Ins. Co., supra, note 2.