A. Franklin Mahoney, J.
The parties to this action have assumed, without admitting, certain facts. Plaintiffs were the owners of a building in Liberty, New York, in which they conducted a restaurant business. Defendants had in effect on July 28, 1969 policies of insurance covering the premises. Torrential rains fell on Liberty causing a stream, immediately to the rear of the insured premises, to overflow its banks on July 28, 1969. Flood waters surrounded the premises and began to seep under the rear door of the restaurant. Approximately 30 minutes after the overflow one or more propane gas tanks *1004 to the rear of the premises exploded causing the rear door to become unhinged and permit the surface waters to enter the restaurant and cause considerable damage. It is stipulated that all loss was caused by flood water that entered after the explosion.
On these agreed facts plaintiffs seek and defendants deny recovery for loss based on the following provision common to all policies covering the subject premises:
“ This policy is extended to insure against direct loss by * * * explosion * * * except as hereinafter provided.
“ Water Exclusion: This Company shall not be liable for loss caused by, resulting from, contributed to or aggravated by any of the following—
“ (a) flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water * * *
“ (b) water which backs up through sewers or drains * * * unless loss by explosion as insured against hereunder ensues, and then this Company shall be liable for only such ensuing loss.”
Generally, it can be said that the ‘ ‘ standard ’ ’ provision excepting the insurer from liability caused by an explosion unless fire ensues and then permitting recovery by the insured for fire loss only (Hallas v. North Riv. Ins. Co., 279 App. Div. 15, affd. 304 N. Y. 671) or the inapposite generalization that if fire caused the explosion, then the insured is entitled to recover for all loss, is aidless in this case. The court is not concerned with policies excluding recovery for loss by explosion or with facts that could lend themselves to an interpretation that a hostile fire preceded the explosion. Bather, the issue to be faced is whether liability for all loss follows in those instances, as herein, where the policy is extended to cover direct loss by explosion and, following an explosion, all loss is the result of water, an excludable causative force under the policy. In such a case the court must look to the phraseology of the policy to glean the contractual intent of the parties. If water loss were not excluded, then the above-quoted provision common to all the policies herein could be construed so as to mean that the loss proximately resulting from water whose causative effects were set in motion by an explosion, an event specifically insured against, would be covered (Mork v. Eureka-Security Fire & Marine Ins. Co., 230 Minn. 382). However, in this case not only is water loss coverage excluded but the propane tanks which exploded were not physically located within the insured *1005 premises. This physical separation of - that which exploded from the insured premises in conjunction with the fact that loss was caused by an excluded element (water) leads inexorably to the conclusion that loss by water following explosion was not an “inherent hazard ” (Gerrity v. Charter Oak Fire Ins. Co., 82 F. Supp. 631, affd. 181 F. 2d 614, cert. den. 339 U. S. 949) of occupancy of the covered premises and, further, since the policies contain no exception for excluded water damage in the event that an explosion should be the direct or proximate cause of the entry of water into the premises, only one conclusion is possible. The loss is not covered by the terms of the policies. (See Protzmann v. Eagle Fire Co. of N. Y., 272 App. Div. 319.)
Defendants are entitled to summary judgment dismissing the complaint.