NATHAN GOLDNER et al., Doing Business as SINGER'S RESTAURANT, Appellants, *v.* OTSEGO MUTUAL FIRE INSURANCE COMPANY et al., Respondents.

Third Department, October 19, 1972.

*Gerald Orseck* for appellants.

*Bouck & Holloway* (*Francis J. Holloway* of counsel), for respondents.

GREENBLOTT, J. This is an appeal from an order of the Supreme Court at a Trial Term, entered March 6, 1972 in Sullivan County, which granted a motion by defendants for summary judgment dismissing the complaint, and from the judgment entered thereon.

In this action to recover for losses sustained by appellants under insurance contracts, the following facts were stipulated and assumed to be true for the purposes of this motion: Appellants were the owners of a building located in Liberty, New York, in which they conducted a restaurant business. Respondents had in effect fire insurance policies with extended coverage against direct loss by explosion. The extended coverage provision contained the following exclusion:

" *Water Exclusion*: This company shall not be liable for loss caused by, resulting from, contributed to or aggravated by any of the following —

" (a) Flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water;

" (b) water which backs up through sewers or drains;

\* \* \*

" unless loss by explosion as insured against hereunder ensues, and then this Company shall be liable for only such ensuing loss."

On July 28, 1969 a stream of water located approximately 100 feet to the rear of appellants' premises overflowed because of heavy rains and water began to seep into appellants' premises through the rear door. Suddenly there was an explosion which unhinged the rear door, dropping it into the building. Water poured in through this opening, inundating the basement and the entire area where the restaurant business was conducted. The parties have included in the stipulation an assumption that the

water which poured into the building following the explosion caused all the damage for which appellants seek indemnification.[1] The only issue is whether the damage is covered by the insurance policies.

In arguing for reversal, appellants contend that the trial court improperly considered unstipulated facts and predicated its decision partly upon such facts and that it erred in holding that the water exclusion clause was applicable to the loss in question. Respondents urge that the plain meaning of the relevant provisions of the insurance policies involved herein precludes recovery by appellants, arguing that " the exception to the exclusion clause provides that the company is only liable in the event that an explosion follows or comes after as a consequence of the water damage, and then the company is liable only for any damage which might be attributable and caused by the ensuing explosion." They contend that since it is stipulated that the damage was caused by the flood waters, the exception to the water exclusion provision of the policy is inapplicable and recovery by appellants is barred.

It is the well-settled law of this State that if an insurance policy or a clause thereof is reasonably susceptible of two different constructions, the one most favorable to the insured must be adopted (*Tonkin* v. *California Ins. Co.*, 294 N. Y. 326, 328–329). Since the insurer is the author of the policy, its provisions must be strictly construed against the insurer and all ambiguities in terminology must be resolved in the insured's favor so long as such a construction would be neither strained nor unnatural. (*Silverstein* v. *Commercial Cas. Ins. Co.*, 237 N. Y. 391.)

The extended coverage provisions insure against direct loss by explosion. The water exclusion provision exempts from coverage any form of water loss listed " unless loss by explosion as insured against hereunder ensues, and then this Company shall be liable for only such ensuing loss." To resolve the questions raised on this appeal, we must decide the meaning of " ensues " and " ensuing loss ". The respondent insurers claim that in order to " ensue " the explosion must follow *as a consequence* of the water damage. However, the primary meaning of the word " ensue " according to Black's Law Dictionary (4th ed., 1968) is " to follow after ". Similarly, Webster's Third New International Dictionary (unabridged, 1961) sets forth, *inter alia,* the following: " to take after  *  *  *  to follow

---

1. It was further stipulated by the parties that in the event appellants are successful on this appeal, the matter is to be remanded for litigation on the issue of whether an explosion occurred, and if so, the ensuing damages.

after, be subsequent to, to take place afterward, to follow as a chance, likely, or necessary consequence ''. Thus all that is required, giving the word an acceptable and reasonable meaning, is that the explosion follow chronologically as it unquestionably did in the instant case.

There is some ambiguity as to whether '' ensuing loss '' is limited solely to loss by explosion or to all loss that follows the explosion. The insurers take the position that only direct loss by explosion is covered and thus the only damage covered is that sustained to the door of the building. It cannot reasonably be said that '' direct loss by explosion '' would exclude damage caused by water which concededly entered the structure solely by virtue of damage caused by the explosion.

It follows, therefore, that if an explosion proximately causes water to enter a structure and the water causes damage, such damage '' ensues '' from the explosion and is an '' ensuing loss ''. This result is further supported by the afore-mentioned policy of construing the terms of an insurance contract strictly against the insurer as drawer and of resolving all ambiguities in favor of the insured.

Appellants further contend that the trial court based its decision on facts outside of the scope of the stipulation, citing the court's statement (68 Misc 2d 1003, 1004-1005) : '' The propane tanks which exploded were not physically located within the insured premises. This physical separation of that which exploded from the insured premises in conjunction with the fact that loss was caused by an excluded element (water) leads inexorably to the conclusion that loss by water following explosion was not an ' inherent hazard '.''

The above language indicates that the trial court regarded these extraneous facts, the existence and location of the propane tanks, of sufficient significance to include them in its decision. There were no facts in the stipulation from which the location of the propane tanks could possibly have been inferred. Consideration of these facts was therefore improper.

The order and judgment should be reversed, on the law, and matter remanded to the trial court for determination of the issue of whether an explosion occurred, and if so, the ensuing damages, without costs.

SWEENEY, SIMONS, KANE and REYNOLDS, JJ., concur.

Order and judgment reversed, on the law, and matter remanded to the trial court for determination of the issue of whether an explosion occurred, and if so, the ensuing damages, without costs.