■ DOROTHY M. BAKER, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.—Mikoll, J.

Plaintiff's husband (hereinafter the insured) drowned in a snorkeling accident while on a windjammer cruise in the Caribbean. The insured had won the cruise as a prize in a writing contest. The issue before us is whether Supreme Court correctly granted summary judgment to plaintiff in holding that the insured was covered under a $50,000 accidental death benefit policy (hereinafter the policy) issued by defendant to members of the National Travel Club (hereinafter Club), of which the insured had been a member since October 28, 1986. The policy bore the title "Blanket Accident Insurance Certificate". All premiums were paid to the Club and then by the Club to defendant. The policy provided in pertinent part, as follows:

"Blanket Accident Insurance Certificate * * * 'Injury' as used in the Master Policy means an accidental bodily injury occurring anywhere in the world which arises solely from accident, is not contributed to by sickness, disease, or bodily or mental infirmity, and is sustained by the Insured Member while:

"SECTION A—*riding* as a fare-paying passenger, but not as an operator or member of the crew, *in or on* any * * * power

boat or ocean liner operated under a license for the transportation of passengers for hire * * *.

"SECTION C * * * The insurance evidenced by this Certificate provides LIMITED TRAVEL ACCIDENT insurance only. It does NOT provide basic hospital, basic medical or major medical insurance as defined by the New York State Insurance Department. * * * IMPORTANT NOTICE—THIS POLICY DOES NOT PROVIDE COVERAGE FOR SICKNESS" (emphasis added).
The policy also excluded coverage for suicide and war-related death or injury.

It was the Club that solicited coverage under the policy. The Club's solicitation materials were first submitted to defendant for review to see that they were clear and acceptable to various insurance departments and to see if they conformed with the master policy issued by defendant. The Club's solicitation literature represented that "Club members are automatically insured under one of the most comprehensive travel accident insurance plans offered". The literature also represented that members had "coverage * * * while traveling * * * during * * * day-to-day activities, as a passenger on most licensed public transportation", and: "during every mile you travel. When you renew, you are protected constantly during your entire term of membership * * *. Coverage applies while you are out shopping, visiting, vacationing and even commuting to work as a passenger on most public transportation".

Plaintiff filed an accidental death claim with defendant which defendant denied based on the terms of the policy. Specifically, defendant asserted that the insured was not riding as a passenger "in or on" the cruise ship at the time of death and that he was not a fare-paying passenger. As a result, plaintiff commenced this action against defendant and subsequently moved for summary judgment. Defendant then cross-moved for summary judgment.

Supreme Court, in granting plaintiff's motion and denying defendant's motion, held that the policy was ambiguous and resolved the ambiguity in plaintiff's favor. The court noted that the title of the policy provided for "Blanket Accident Insurance". The court further noted that the policy defined injury as meaning "accidental bodily injury occurring anywhere in the world which arises solely from accident, is not contributed to by sickness, disease, or bodily or mental infirmity, and is sustained by the Insured Member while * * * riding as a fare-paying passenger * * * in or on any * * * power boat or ocean liner". The court held that this language

in the policy provided for travel accident insurance. Supreme Court then noted that the policy also stated that it provided "LIMITED TRAVEL ACCIDENT insurance only" and did not "provide basic hospital, basic medical or major medical insurance". The policy excluded only two circumstances: suicide and war-related injury or death. In analyzing the language of the policy, the court determined that since the policy did not require the physical presence of the insured on a particular carrier, the insured was covered under the policy. Defendant has appealed.

Plaintiff contends that the construction of the phrase "riding as a fare-paying passenger * * * in or on any * * * power boat or ocean liner" meant that during the entire pendency of the insured's cruise, the insured would be considered to be a fare-paying passenger and be covered by the policy. On the other hand, defendant contends that "in or on" a boat meant physical presence on the boat. Defendant states that the policy, while labeled a "blanket" policy, was a "limited" policy and that the term "blanket" denotes, in the insurance industry, that within the group in question, no insured person is specifically denominated and similar types of coverage are given to all persons within the insured group. Also, a "limited travel accident insurance" policy has a common industry meaning denoting a policy which is other than broad 24-hour, "all accident" coverage. Defendant urges that the terms used are terms of art within the insurance industry and should be applied by a court as the industry uses them. Defendant also urges that the insured was not a fare-paying passenger inasmuch as he won the cruise as a prize in a writing contest.

There should be an affirmance. "It is well-settled that if a policy of insurance is written in such language as to be doubtful or uncertain in its meaning, all ambiguity must be resolved in favor of the policy holder and against the company" *(Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44, 49; *see also, Goldner v Otsego Mut. Fire Ins. Co.,* 39 AD2d 440). Preliminarily, we find no merit in defendant's contention that the insured was not a fare-paying passenger and thus not covered. A fare was paid for the trip by virtue of the insured's contest-writing efforts. Regarding the issue of whether the contract was clear and certain in the terms and meanings used, we note that the terminology "Blanket * * * Insurance" appeared on the face of the policy as a title. Such a descriptive term implied that the coverage contracted for was broad in scope. The insured could reasonably have concluded from the use of such term and its prominence in the contract that the

contract included broad and comprehensive coverage. It cannot be presumed that the insured was familiar with what defendant claims were industry "terms of art"; therefore, it can be inferred that "Blanket * * * Insurance" had no other than a commonsense meaning to the insured. Furthermore, the use of the term "Blanket" appears to contradict use of the term "LIMITED TRAVEL ACCIDENT insurance" which also appeared in the contract in relation to terminology indicating that only accident insurance was provided and not basic hospital, basic medical or major medical insurance.

We also reject defendant's contention that the clear reading of the terms of the policy, "in or on" a boat required that the insured had to be physically present on the boat when the injury was sustained or that his injury must have occurred while on a boarding platform, steps or other direct appurtenances of the vessel. The authorities cited for this proposition were interpreting insurance contracts which specifically restricted coverage to *only* those situations where a passenger was on the carrier or its appurtenances *(see, Weil v Globe Indem. Co.,* 179 App Div 166; *see also, Mifsudo v Mutual of Omaha Ins. Co.,* 100 AD2d 864; *Dolge v Commercial Cas. Ins. Co.,* 211 App Div 112, *affd* 240 NY 656). Here, while we find use of the term "in or on" a boat, there is no further qualifying terminology limiting the phrase to physical presence on a boat. The insured had won a cruise and the commonplace understanding of being on a trip or a cruise may just as well mean for the duration of the cruise as it could mean while physically present on the ship. Furthermore, in the instant case, defendant approved solicitation materials which apparently contradicted the alleged restriction in coverage to while an insured was "in or on" a boat by referring to coverage "while traveling" and while "shopping, visiting, vacationing * * * commuting", activities which did not necessarily occur "in or on" a carrier.

The insured acquired the policy from the Club and did not personally contract with defendant for the policy. There is nothing before us to indicate that the insured had a sophisticated knowledge of insurance and therefore it was defendant's obligation to use clear language in its contract *(see, Goldner v Otsego Mut. Fire Ins. Co.,* 39 AD2d 440, 442, *supra; see also, Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44, 49-50, *supra).*

In *Northrup v Railway Passenger Assur. Co.* (43 NY 516, 519) it was held that an insurance "policy must be construed * * * in the light of well known extrinsic facts, which must be

presumed to have been known to the contracting parties at the time of making the contract, and in reference to which it was entered into". The known extrinsic facts here include the imprecise language in the policy itself, the solicitation material promulgated by the Club and approved by defendant, which added to an inference of broad, all-inclusive coverage, the commonly held view that a cruise consists of sailing between a series of ports, and the rational conclusion that therefore policy coverage was for the duration of the trip/cruise and was not limited to an insured's physical presence in or on the carrier. Finally, the policy was sold by mail. Mail solicitation of insurance should be construed in a light most favorable to the insured (see, Lachs v Fidelity & Cas. Co., 306 NY 357). Weighing all the circumstances, we conclude that Supreme Court correctly held the policy to be ambiguous and properly resolved the ambiguity in plaintiff's favor.

We find no merit to the other contentions raised by defendant.

Order and judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.