Pigott, J.
(concurring). I agree with my colleagues that the exception to the water loss exclusion in the Allstate policy does not provide coverage for plaintiffs’ loss. I disagree, however, that the loss “clearly falls within item 4 of the water loss exclusion” (majority op at 694).
The homeowner’s insurance policy at issue is an “all risk” policy, which covers “sudden and accidental direct [and] physical loss to [the] property” unless specifically excluded (see Parks Real Estate Purch. Group v St. Paul Fire & Mar. Ins. Co., 472 F3d 33, 41 [2d Cir 2006]). There is little doubt that the policy at issue would, in the normal course, cover direct and physical loss from an “explosion.”
On plaintiffs’ motion for summary judgment, the only testimony with respect to what occurred in this case was plaintiffs’ expert opining that plaintiffs suffered direct water loss from an “explosion” of a water pipe (see generally Goldner v Otsego Mut. Fire Ins. Co., 39 AD2d 440, 442 [1972]). Allstate proffered no evidence to dispute this evidence.
Because plaintiffs’ argument to the court was predicated on the exception to the water loss exclusion of the policy, however, the courts did not address this primary coverage issue. I therefore concur with the result in this case.
*698 Chief Judge Lippman and Judges Rivera and Abdus-Salaam concur; Judge Pigott concurs in result in a separate opinion; Judges Stein and Fahey taking no part.
Judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, plaintiffs’ motion for summary judgment denied and defendant Allstate Indemnity Company’s motion for summary judgment granted.